**Eddie William FINNEY, Petitioner,**

v.

**Walter D. ZANT, Warden, Georgia Diagnostic and Classification Center, Respondent.**

**No. 81–8006.**

United States Court of Appeals, Eleventh Circuit.

July 11, 1983.

Dwight L. Thomas, Decatur, Ga., Ursula Bentele, New York City, for petitioner.

Susan Boleyn, Asst. Atty. Gen., Atlanta, Ga., for respondent.

Before RONEY, TJOFLAT and FAY, Circuit Judges.

RONEY, Circuit Judge:

Convicted of murder and kidnapping and sentenced to death, Eddie William Finney appeals from the denial of his petition for a writ of habeas corpus. We affirm the denial of the writ as to the convictions, finding no constitutional violation as to the three issues asserted on appeal: (1) the denial of an independent psychiatric expert to an indigent defendant whose sanity is at issue, (2) his absence during a part of the trial, and (3) the effectiveness of defense counsel at the trial.

We reverse the denial of the writ as to the sentence, however, on the basis of the recently decided *Westbrook v. Zant,* 704 F.2d 1487 (11th Cir.1983).

Finney and Johnny Mack Westbrook were indicted in Jones County, Georgia, for the murder and kidnapping of two elderly women. Two experienced criminal attorneys were appointed to represent Finney. Finney pled not guilty by reason of insanity, and the trial court ordered him committed to Central State Hospital for psychiatric evaluation. At a pretrial hearing a jury found Finney competent to stand trial. Finney and Westbrook were tried separately, and Finney's trial began the day after Westbrook's trial had resulted in his conviction. The evidence of kidnapping, torture, rape, and brutal deaths was overwhelming, as was the evidence that defendant Finney was a full participant in the crimes. The jury found Finney guilty on all counts, recommended the death penalty for each count of murder, and he was so sentenced. The judge sentenced Finney to life imprisonment for each count of kidnapping with bodily injury.

The denial of habeas corpus relief to Westbrook has now been reversed by another panel of this Court, *Westbrook v. Zant,* 704 F.2d 1487 (11th Cir.1983).

The first step in Finney's appellate process was direct appeal to the Supreme Court of Georgia, which affirmed the conviction and sentence. *Finney v. State,* 242 Ga. 582, 250 S.E.2d 388 (1978). The United States Supreme Court denied a petition for certiorari. *Finney v. Georgia,* 441 U.S. 916, 99 S.Ct. 2017, 60 L.Ed.2d 388 (1979). Collateral attack on Finney's conviction began with a petition for writ of habeas corpus in state

court. After an evidentiary hearing the court denied relief. The Georgia Supreme Court denied Finney's application for a certificate of probable cause to appeal the denial of the writ, and the United States Supreme Court denied certiorari. *Finney v. Balkcom,* 449 U.S. 913, 101 S.Ct. 287, 66 L.Ed.2d 141 (1980). Next, the federal district court denied Finney's petition for habeas corpus relief, and this appeal followed.

■ The state court did not deprive Finney of constitutional due process or effective assistance of counsel in refusing to appoint a second psychiatrist after a first court-ordered psychiatric examination.

At arraignment after defense counsel had entered a plea of not guilty, the trial court ordered Finney sent to the Central State Hospital for psychiatric examination by a forensic team of professionals. Defense counsel requested appointment of independent psychiatric experts, but the court deferred ruling on the motion pending the outcome of the court-ordered examination. After the court-ordered examination, the trial court rejected defense counsel's request for funds and a continuance for an independent psychiatric examination. Before Finney's trial a jury found against his special plea of insanity.

This court has recognized the role of psychiatric testimony in providing effective assistance of counsel to an accused. *See Beavers v. Balkcom,* 636 F.2d 114, 116 (5th Cir.1981); *United States v. Edwards,* 488 F.2d 1154, 1163 (5th Cir.1974); *McCollum v. Bush,* 344 F.2d 672, 672 (5th Cir.1965), aff'g 231 F.Supp. 560, 564–65 (N.D.Tex.1964).

In this case the trial court ordered that Finney be evaluated by psychiatric experts at the Central State Hospital. These experts testified at the trial and were subjected to cross-examination by Finney's attorneys. There is no indication in the record or assertion on appeal that defense counsel were denied access to the complete reports of the forensic team at the hospital. Finney's sanity was put in issue by competent evidence, and defense counsel were not deprived of expert opinion on the question. This is sufficient. *Barnard v. Henderson,*

514 F.2d 744 (5th Cir.1975), is not to the contrary. *Barnard* held that a defense expert could not be barred from examining critical evidence. *Barnard* does not mandate that state funds be expended to provide an expert of defendant's own choosing when the court has appointed independent experts to perform the evaluation sought by the defendant.

Finney does not contend the court-appointed psychiatrists were biased. His contention that their examinations should have been more thorough and that their conclusions were inaccurate is the sort of argument that should be addressed to the finder of fact. The psychiatric examination was undertaken by a forensic services team of professionals at the state hospital. Finney was examined by two psychiatrists, a clinical psychologist, and a psychology intern, and was observed by a correctional officer, nurses, and aides.

Courts have held that indigent defendants are not entitled to "repeated psychiatric examination after substantial competent evidence has already been obtained." *Blake v. Zant,* 513 F.Supp. 772, 784 (citing *United States ex rel. Smith v. Baldi,* 344 U.S. 561, 568, 73 S.Ct. 391, 394–95, 97 L.Ed. 549 (1953)). In an often-cited First Circuit case, *McGarty v. O'Brien,* 188 F.2d 151 (1st Cir.), *cert. denied,* 341 U.S. 928, 71 S.Ct. 794, 95 L.Ed. 1359 (1951), an indigent defendant's motion to employ psychiatrists at the expense of the state was denied where the Massachusetts Department of Mental Health had evaluated his sanity. While cognizant of the possibility that other reputable psychiatrists might have afforded support to the insanity defense, the court concluded that the accused was entitled to an impartial ascertainment of his mental condition but not to a battery of experts. *Id.* at 157. *Accord, Satterfield v. Zahradnick,* 572 F.2d 443, 445 (4th Cir.), *cert. denied,* 436 U.S. 920, 98 S.Ct. 2270, 56 L.Ed.2d 762 (1978).

■ Petitioner argues that a defendant in a capital case cannot waive his right to be present at trial and therefore his rights

to due process and confrontation of witnesses were violated during a short absence when he went to the restroom. While it is clear that Finney was absent from the trial at one point and that his absence was brief, it is not clear precisely when he left. It is clear that his absence was voluntary. Because the basis of the right to be present at trial is the constitutional mandate to provide an opportunity to defend oneself, due process requires that the defendant be personally present "to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only." *Snyder v. Massachusetts,* 291 U.S. 97, 107–08, 54 S.Ct. 330, 333, 78 L.Ed. 674 (1934).

▮ There is no indication in this record that Finney's absence was of any significance. His attorneys were present at all times. *United States v. Stratton,* 649 F.2d 1066, 1080 (5th Cir.1981); *Estes v. United States,* 335 F.2d 609, 617–18 (5th Cir.1964). Even if Finney was absent during the testimony of Purvis, a fact not clear from the record, there was very little, if any, disadvantage to his defense. The absence was short. Purvis' testimony about the search for the victims was corroborated by the testimony of the chief of detectives who supervised the search, while Finney was present. *Cf. United States v. Toliver,* 541 F.2d 958, 964–66 (2d Cir.1976) (defendant's absence during witnesses' testimony harmless error where she had no knowledge of matter testified about and counsel had ample opportunity to prepare for cross-examination). Nor could Finney's absence during the argument as to the admissibility of Purvis' testimony have aided defense counsel because the issue was a question of law and not fact. *United States v. Bokine,* 523 F.2d 767, 770 (5th Cir.1975) (jury inquiry as to possible verdict); *Estes v. United States,* 335 F.2d at 617–18 (jury request for legal definitions covered in jury instructions). Any error by reason of Finney's absence during trial was harmless beyond a reasonable doubt.

▮ Petitioner argues that the sentencing phase of his trial was unconstitutional, asserting the claim in terms of ineffectiveness of counsel, largely based on the failure of Finney's counsel to assert the mitigating circumstances that might permit a rational decision to give life rather than death. We find, however, that the decision in *Westbrook v. Zant,* 704 F.2d 1487 (11th Cir.1983), requires a grant of habeas corpus relief because of the jury instructions concerning mitigating circumstances. Finney's trial commenced immediately after the conviction and sentence of his companion in the crime, Johnny Mack Westbrook. The same judge presided at both trials. We have compared the two charges and they are virtually identical as to the instruction on mitigating circumstances. The *Westbrook* Court, although upholding the charge against certain specific attacks, held the charge was deficient as to mitigating circumstances instructions, the precise area of concern in Finney's ineffectiveness of counsel argument. The Court said:

A full examination of the charge, however, does reveal constitutionally deficient instructions furnishing a basis for habeas corpus relief. The charge fails to provide clear instructions on the function of mitigating circumstances and no guidance on the relationship between mitigating and aggravating circumstances. As *Spivey v. Zant* [661 F.2d 464 (5th Cir. Unit B 1981)] teaches, jury instructions must 'describe the nature and function of mitigating circumstances' and 'communicate to the jury that the law recognizes the existence of facts or circumstances which, though not justifying or excusing the offense, may properly be considered in determining whether to impose the death sentence.' 661 F.2d at 472 (footnote omitted). *See also Coker v. Georgia,* 433 U.S. 584, 590–91, 97 S.Ct. 2861, 2865, 53 L.Ed.2d 982 (1977). The *Spivey* court explained that most cases will require the court to 'tell the jury what a mitigating circumstance is and what its function is in the jury's sentencing deliberations.' 661 F.2d at 471 (footnote omitted).

Although the charge authorized the jury to consider circumstances in extenuation or mitigation, *see* portion of charge

cited, *supra*, [704 F.2d] at 1501, the court failed to explain what function such a consideration would play in sentencing deliberations. An authorization to consider mitigating circumstances is a hollow instruction when unaccompanied by an explanation informing the jury why the law allows such a consideration and what effect a finding of mitigating circumstances has on the ultimate recommendation of sentence. We cannot fit this instruction within the requirements of *Spivey*. 'Capital sentencing instructions which do not clearly guide a jury in its understanding of mitigating circumstances and their purpose ... violate the eighth and fourteenth amendments.' *Goodwin* [*v. Balkom*], 684 F.2d 794, 801–02 [(11th Cir. 1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 1798, 76 L.Ed.2d 364 (1983)] (footnote omitted). Therefore, Westbrook's habeas corpus petition seeking relief from his death sentences must be granted on this ground because of the sentencing instruction's inadequacies concerning the nature and function of mitigating circumstances.

Justice requires that Finney's petition for habeas corpus relief be granted on this ground.

Because Finney must be resentenced, it is unlikely counsel at that time will fail to assert all of the factors suggested on appeal to be considered in mitigation of Finney's sentence. It becomes moot that the sentencing part of the trial commencing immediately after two hard days of trial and took place between 10 p.m. and sometime after midnight, that no continuance was requested or given, and that counsel did not take sufficient time to prepare for the sentencing phase or in any way comment on the factors which petitioner's counsel perceives to be mitigating.

The denial of the petition for a writ of habeas corpus is

AFFIRMED AS TO CONVICTION; REVERSED AS TO SENTENCE.