Alphonso **MORGAN,**
Petitioner-Appellant,

v.

Walter D. **ZANT,** Warden, Georgia Diagnostic and Classification Center, Respondent-Appellee.

No. 84–8208.

United States Court of Appeals,
Eleventh Circuit.

Sept. 21, 1984.

---

William E. Hoffmann, Jr., Norman P. Stein, Atlanta, Ga., for petitioner-appellant.

Michael J. Bowers, Atty. Gen., Mary Beth Westmoreland, Asst. Atty. Gen., Atlanta, Ga., for respondent-appellee.

Before HILL and HENDERSON, Circuit Judges, and WISDOM*, Senior Circuit Judge.

JAMES C. HILL, Circuit Judge:

In 1977, Alphonso Morgan was tried in the Superior Court of Richmond County, Georgia for the murder of James Gray. A jury found him guilty and fixed punishment at death. After exhausting state remedies, Morgan petitioned for the writ of habeas corpus in federal district court. He appeals from the district court's denial of relief. 582 F.Supp. 1026 (1984). Because we find the instruction given the jury at the sentencing phase of Morgan's trial to be constitutionally infirm, we reverse as to sentencing. The district court's disposition of this case is in all other respects affirmed.

The facts of this case are adequately summarized by the Supreme Court of Georgia in its consideration of Morgan's direct appeal. *See Morgan v. State,* 241 Ga. 485, 246 S.E.2d 198, 199 (1978), *cert. denied,* 441 U.S. 967, 99 S.Ct. 2418, 60 L.Ed.2d 1073 (1979). We therefore begin with a consideration of the contentions before this court.

## I. CHALLENGES TO SENTENCING

Morgan argues that the trial court's charge at the sentencing phase of the trial was constitutionally deficient because it failed to explain to the jury the function of mitigating circumstances in Sentencing Deliberations. In particular, he challenges the following language of the charge:

[H]aving found the defendant guilty of the offense of murder, it is now your duty to determine within the limits prescribed by law the penalty that shall be imposed as punishment for that offense. In reaching this determination, you should consider all of the evidence received by you in open court in both phases of the trial. You should consider all of the facts and circumstances of the case, including any mitigating or aggravating circumstances.

It is Morgan's position that this instruction is deficient because it fails to define the nature and function of mitigating circumstances and so contravenes the eighth and fourteenth amendments to the Constitution.

In reviewing the adequacy of a jury charge we look to the charge in its entirety. *Cupp v. Naughten,* 414 U.S. 141, 146–47, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973). This standard applies to the sentencing, as well as the guilt-innocence phase of a trial. *Westbrook v. Zant,* 704 F.2d 1487, 1501 (11th Cir.1983). We must thus decide whether the portion of the sentencing charge asserted as deficient by Morgan, viewed in the context of the entire sentencing instruction,[1] failed to adequately guide

---

* Honorable John Minor Wisdom, U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

1. In its entirety, the charge to the sentencing jury read:

   Now, ladies and gentlemen of the jury, you having found the defendant guilty of murder, and armed robbery, and kidnapping, the Court will impose sentence with reference to the armed robbery and kidnapping, but you having found the defendant guilty of the offense of murder, it is now your duty to determine within the limits prescribed by law the penalty that shall be imposed as punishment for that offense. In reaching this determination, you should consider all of the evidence received by you in open court in both phases of the trial. You should consider all of the facts and circumstances of the case, including any mitigating or aggravating circumstances.

   Under the laws of this State, every person guilty of the offense of murder shall be punished by death by electrocution, or by life in

the jury with respect to the nature and function of mitigating circumstances in the sentencing deliberations. We conclude the instant instruction was deficient.

The eighth and fourteenth amendments to the Constitution

[R]equire that the sentencer, in all but the rarest kind of capital case, not be precluded from considering, *as a mitigating factor*, any aspect of a defendant's character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death.

*Lockett v. Ohio*, 438 U.S. 586, 604, 98 S.Ct. 2954, 2964–65, 57 L.Ed.2d 973 (1978) (plurality opinion) (footnotes omitted); *Bell v. Ohio*, 438 U.S. 637, 642, 98 S.Ct. 2977, 2980, 57 L.Ed.2d 1010 (1978) (plurality opinion). Our predecessor court has interpreted *Lockett* and *Bell* to mandate that the judge in a capital sentencing case clearly instruct the jury about mitigating circumstances. *Chenault v. Stynchcombe*, 581 F.2d 444, 448 (5th Cir.1978). In *Spivey v. Zant*, 661 F.2d 464, 471 (5th Cir.Unit B.1981), *cert. denied*, 458 U.S. 1111, 102 S.Ct. 3495, 73 L.Ed.2d 1374 (1982), the same court read *Chenault* to hold that a judge presiding over a capital sentencing trial must, in most cases, define for the jury both the meaning of mitigating circumstances and the function of that concept in sentencing deliberations. *Spivey*, 661 F.2d at 471.

This circuit has recently applied the requirements of *Spivey* to capital sentencing instructions substantially identical to that of the instant case. *See Finney v. Zant*, 709 F.2d 643 (11th Cir.1983); *Westbrook*, 704 F.2d at 1501. In *Westbrook, Finney*, and the case at bar, the charge to the sentencing jury authorized consideration of mitigating circumstances but failed to explain the meaning or function of that

the penitentiary. In the event that your verdict is life imprisonment, the punishment the defendant would receive would be imprisonment in the penitentiary for and during the remainder of his natural life. If that be your verdict, you would add, following the verdict already found by you, an additional verdict as follows: We fix his punishment as life imprisonment for the offense of murder, to be served concurrently or consecutively with any other sentence, as you may determine. You may, however, if you see fit and if such be your verdict, fix his punishment as death, which would require a sentence by the Court of death by electrocution. If that be your verdict, you would add following the verdict already found by you an additional verdict as follows: We recommend his punishment as death for the offense of murder.

I charge you that before you would be authorized to find a verdict fixing a sentence of death by electrocution for the offense of murder, you must find upon the evidence statutory aggravating circumstance of circumstances sufficient to authorize such penalty.

I charge you that a finding of statutory aggravating circumstance or circumstances shall only be based upon evidence convincing your minds beyond a reasonable doubt—and reasonable doubt has previously been defined in the first phase of the trial—as to the existence of one or more of the following factual conditions, in connection with the defendant's perpetration of the offense for which you found him guilty. With respect to the offense of murder, they are: The offense of murder was committed while the offender was engaged in the commission of another capital felony, armed robbery; or the offense of murder was outrageously or wantonly vile, horrible, or inhuman in that it involved torture, or depravity of mind, or an aggravated battery to the victim. Now, an aggravated battery is when one maliciously causes bodily harm to another by depriving him of a member of his body, or by rendering a member of his body useless, or by seriously disfiguring him, his body, or a member thereof; or that the offender committed the offense of murder for the purpose of receiving money.

The statutory aggravating circumstance or circumstances that you are authorized to consider will be submitted to you in writing for your deliberations. You must designate in writing in your verdict on the indictment the aggravating circumstance or circumstances which you find to have existed with respect to the offense for which you recommend the death penalty.

Your verdict respecting punishment must be agreed to by all twelve of you.

Now you may retire to begin your deliberations—but don't begin your deliberations until the bailiff brings you the indictment with your verdict of guilty on it, along with the written statutory aggravating circumstances which you may consider.

You may retire.

Trial Transcript at 229–31, *State v. Morgan*, (Superior Court of Richmond County July 13–14, 1977).

concept in the sentencing process. *Westbrook* and *Finney* held this failure rendered the sentencing proceedings constitutionally insufficient. The instant case is likewise flawed. As we have repeatedly noted:

> An authorization to consider mitigating circumstances is a hollow instruction when unaccompanied by an explanation informing the jury why the law allows such a consideration and what effect a finding of mitigating circumstances has on the ultimate recommendation of sentence.

*Finney*, 709 F.2d at 647 (quoting *Westbrook*). The instant instruction failed to adequately guide the jury to an understanding of the meaning and function of mitigating circumstances in sentencing deliberations. We reverse on this ground.

We also observe that the instruction given to the sentencing jury in this case may have inadequately clarified the role of aggravating circumstances in the deliberative process. We note in passing that constitutionally adequate sentencing instructions must convey to the jury that, once an aggravating circumstance is found beyond a reasonable doubt, the jury must then undertake the further decision of whether to impose the death penalty. *See e.g., Moore v. Zant*, 722 F.2d 640, 646 (11th Cir.1983). In the instant case it is arguable that the jury retired to deliberate sentence with an understanding that a finding beyond a reasonable doubt of a statutory aggravating circumstance required them to return a sentence of death. An instruction giving rise to such an understanding would take from the jury the appurtenance of mercy allocated to that body by the eighth and fourteenth amendments to the constitution. We need not belabor this discussion more, however, as we have already determined the sentencing instruction in this case to have been constitutionally flawed and we do not apprehend the reappearance of this further deficiency should the state elect resentencing.

## II. CHALLENGES TO THE CONVICTION

Morgan also argues that his conviction was obtained unconstitutionally because it was based upon an involuntary confession, and because he received ineffective assistance of counsel at trial and on appeal. We examine these assertions individually.

### A. *Involuntary Confession.*

Morgan made a series of oral and written statements in which he confessed to the murder of James Gray. In a hearing held by the trial court pursuant to the requirements of *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), these statements were determined to have been voluntarily made. Morgan now argues that the voluntariness hearing was inadequate and that his statements were involuntary and improperly admitted at trial.

██ We observe, as did the district court, that in order to succeed on a claim of an inadequate hearing, a habeas corpus petitioner must allege facts which, if true, would have entitled him to relief had the hearing been adequate. *Procunier v. Atchley*, 400 U.S. 446, 452, 91 S.Ct. 485, 488, 27 L.Ed.2d 524 (1971); L. Yackle, *Postconviction Remedies* § 124 (1981). The evidence allegedly excluded from the hearing in this case was that the police deceived Morgan by stating that his fingerprints were on the murder weapon and his footprint on the ground at the scene of the crime. As the district court noted, however, the voluntariness hearing included testimony from an arresting and interrogating officer that Morgan received numerous *Miranda* [2] warnings prior to making any statement, and that he willingly confessed, these warnings notwithstanding. Because we cannot say that the additional evidence of deception, even if true, would have required a finding that the confessions were involuntary, we agree with the district court that Morgan's involuntariness claim is without merit. *See Frazier v. Cupp*, 394 U.S. 731, 739, 89 S.Ct. 1420, 1425, 22 L.Ed.2d 684 (1969) ("The fact that

---

**2.** *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct.     1602, 16 L.Ed.2d 694 (1966).

the police misrepresented the statements that Rawls [the defendant's associate] made is, while relevant, insufficient in our view to make this otherwise voluntary confession inadmissible.").

### B. *Ineffective Assistance of Counsel*

■ Morgan argues also that his appointed counsel failed to render effective assistance, as required by the sixth amendment, both at trial and on his direct appeal to the Georgia Supreme Court. Because we have already determined the sentencing phase of Morgan's trial to have been constitutionally defective on other grounds, we need only address questions of ineffective assistance at the guilt-innocence and appellate stages of these proceedings. In both contexts, our review is guided by the Supreme Court's recent decision in *Strickland v. Washington*, —— U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which set out a two-pronged analysis of ineffectiveness claims. A convicted defendant must first demonstrate that his counsel's representation fell below "an objective standard of reasonableness," (the ineffectiveness prong). —— U.S. ——, 104 S.Ct. at 2065. Additionally, the defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," (the prejudice prong). —— U.S. at ——, 104 S.Ct. at 2068.

Morgan challenges the effectiveness of his counsel at trial, arguing that his lawyer failed to consult and to advise him with respect to the conduct of the litigation. Specifically, he alleges for the first time in his brief to this court that his trial counsel failed to inform him that duress is not a defense to murder in the State of Georgia, and that this failure caused him to refuse a plea bargain offered by the state. This contention, had it been previously asserted, may well have warranted exploration by the state and federal habeas tribunals before whom petitioner has appeared. *See Washington*, —— U.S. at ——, 104 S.Ct. at 2065. Even now it is arguably cognizable as a variation on the ineffectiveness theme

urged by the petitioner throughout the course of this litigation. *See* 17 C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 4264 at n. 33 (1978). We need not dwell on these threshold considerations, however, because, upon exhaustive review of the record, we find no basis to support this most recent theory of ineffectiveness.

■ At the state habeas hearing Morgan testified that his trial counsel advised him to accept the state's offer of a plea and that he declined that plea, not because he did not know duress was no defense to murder, but because, even as late as the habeas proceeding, he asserted no knowledge of the crime for which he had been convicted. Having so testified, petitioner may not now assert a contention directly contradicted by his own testimony. Petitioner's recognition in hindsight that his attorney gave him good advice presents no ground for an ineffectiveness claim.

Morgan also asserts ineffectiveness of counsel on appeal. It is uncontradicted in the record that Morgan's trial counsel did not file a notice of appeal and filed a brief only after the Georgia Supreme Court threatened to impose sanctions. The brief, which included only five pages of argument, failed to raise as an issue the trial court's charge to the sentencing jury. Counsel failed to attend oral argument before the Georgia Supreme Court and failed to heed a request by the court that he file a supplemental brief on the adequacy of the trial court's penalty charge. We find this conduct on the part of Mr. Morgan's attorney woefully inadequate and likely ineffective. Moreover, we emphasize the importance of appellate lawyers as counselors to the court. Because we find no prejudice accruing to the petitioner from his attorney's misfeasance, however, we need not pass on this claim. *See Washington*, —— U.S. ——, 104 S.Ct. at 2064.

The only remedy available to the petitioner should this court determine ineffective assistance of counsel on appeal, would be remand to the district court for issuance of the writ subject to allowance of an out-of-

time appeal by the Georgia Supreme Court. As the foregoing review of petitioner's claims makes clear, however, we find no issue of merit for review by the Georgia Supreme Court, excepting only the faulty charge to the sentencing jury. By our holding today we remedy the constitutional deficiency of the sentencing phase of the trial. Finding no prejudice to the defendant caused by counsel's ineffectiveness on appeal, we decline to issue the writ on this ground.

For the foregoing reasons, the district court is instructed to grant the writ of habeas corpus unless the state afford petitioner a new sentencing trial within a reasonable time of the issuance of the district court's order. In all other respects, the disposition by the district court of this case is affirmed.

AFFIRMED in part and REVERSED in part.