**UNITED STATES**

v.

**William MOORE**

**No. 3:96CR111(JBA).**

United States District Court,
D. Connecticut.

Aug. 2, 2002.

U.S. Attorneys, Christopher F. Droney, James I. Glasser, U.S. Attorney's Office, New Haven, CT, for U.S.

John R. Williams, Williams & Pattis, New Haven, CT, Christopher W. Chan, New York, NY, Daniel A. Conti, Hempstead, NY, for Defendant.

## RULING ON PETITIONER'S MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255 [Doc. # 152]

ARTERTON, District Judge.

On December 4, 1996, petitioner William Moore entered a plea of guilty to two counts of distributing more than five grams of cocaine base within 1000 feet of a school in violation of 21 U.S.C. § 841(a)(1). He was sentencing by this Court to two concurrent terms of 168 months imprisonment, followed by ten years of supervised release. Moore now moves under 28 U.S.C. § 2255 vacate his conviction, alleging that he received ineffective assistance of counsel in violation of the Sixth Amendment.

### I. Prior proceedings

#### A. *Guilty plea*

Moore was represented by attorneys Christopher Chan and Daniel Conti in the proceedings below. He was presented on May 30, 1996. Jury selection was initially scheduled for October 2, 1996; on October 1, 1996, Moore advised that he would change his plea to guilty on October 2. However, Moore changed his mind on October 2 and attorneys Chan and Conti and Mr. Moore all requested that the Court not proceed with jury selection from the waiting jury pool to permit Mr. Moore additional time to review the plea agreement with Mr. Conti. *See* Trans. 10/2/96 at 7-9; 17-18. The Court granted that request over the government's objection, and jury selection was postponed until November 6, 1996.

Between October 2 and November 6, Mr. Moore and his counsel apparently determined to go to trial rather than accept the plea agreement. The trial was scheduled to begin November 13, 1996 and jury

selection was scheduled for November 6. On November 6, only Mr. Chan was in attendance; Mr. Chan sought a second continuance to accommodate Mr. Conti, who was on trial in New York. The Court had previously informed Mr. Conti that because jury selection is held only one day a month in this District, no adjournment would be granted. Mr. Moore, Mr. Chan and Mr. Moore's family argued vehemently that Mr. Conti was Moore's trial attorney and that to proceed with jury selection in his absence would prejudice Mr. Moore. Moore informed the Court that this was his "first time seeing [Mr. Chan]" and that he had done "all my preparation with Mr. Conti and it's very important to pick the jury with the two of them there together." 12/6/96 Tr. at 10-11. The Court informed Mr. Moore that jury selection would not be postponed a second time, but that evidence would not begin until November 13. At this point, Mr. Moore informed the Court that "if I have to I will just have to fire Mr. Chan because I can't go on without Mr. Conti because I have done no preparation with him, haven't seen him or talked to him but one time." *Id.* at 14. Moore then insisted he could not proceed because he was only wearing his prison clothes. The Assistant U.S. Attorney then dispatched a member of his staff downtown to buy him a dress shirt. *Id.* at 16-19. After the Court granted his request to change his clothing, Moore returned to the courtroom and Chan announced that Moore had fired him. *Id.* at 20. Despite this thinly disguised tactic to avoid the deadlines set by the Court, the Court did not require Moore to proceed with jury selection *pro se* or with Chan's assistance against his wishes, and instead postponed jury selection yet another month, until December 4, 1996. *Id.* at 23-24.

Finally, on December 4, 1996, the morning of the third scheduled jury selection, while a jury pool waited, Moore changed his plea to guilty on counts fourteen and fifteen of the indictment. The plea agreement contained a stipulation acknowledging that Moore was responsible for the distribution of between 50 and 150 grams of cocaine base, that at least one cocaine distribution occurred within 1,000 feet of an elementary school, and that Moore possessed a firearm in connection with cocaine and crack cocaine in his possession on the date of his arrest. The plea agreement also called for the dismissal of the eight remaining counts of the indictment, and the government withdrew its previously filed prior felony information, thereby reducing Moore's mandatory minimum exposure to ten years, from twenty. *See* 21 U.S.C. § 851.

## B. *Sentencing*

After a sentencing hearing held March 12, 13 and 14, 1997, the Court sentenced Moore to 168 months imprisonment and a ten year term of supervised release. Notwithstanding Moore's dubious candor about his involvement, the Court granted a two level downward departure for acceptance of responsibility under U.S.S.G. § 3E1.1(a), but denied Moore's request for an additional one level departure under § 3E1.1(b), finding that Moore had not timely provided the government with complete information concerning his involvement in the offense or timely notified the government of his intent to plead guilty so as to conserve judicial and government resources. The Court also denied the government's request for an upward departure for his aggravating role in the offense, concluding that the government had not met its burden of proving that Moore was a manager, supervisor or leader in the criminal activity.

## C. *Appeal*

Moore then appealed his sentence, arguing that the Court did not make the re-

quired findings to support the denial of a departure under § 3E1.1(b)(2) and erred in not considering whether he was entitled to an additional one level departure under § 3E1.1(b)(1), in enhancing Moore's base level two levels under § 2D1.1(b)(1), and in imposing the maximum sentence within the Guidelines range.

Noting first that Moore had not raised the § 3E1.1(b) or § 2D1.1(b) arguments below, the Second Circuit held that the Court "provided ample support for its conclusions that it would not grant the defendant credit for the timeliness of his acceptance of responsibility." *United States v. Litt*, 133 F.3d 908, 1997 WL 829302, *1 (2d Cir.1997) (Table). The court found that the adjustment under § 2D1.1(b) was warranted because Moore had stipulated that he possessed the pistol in connection with cocaine and crack cocaine he had in his possession. *Id.* Finally, the Second Circuit determined that "the district court did not abuse its discretion in sentencing Moore to the high end of the applicable guideline range and adequately justified its reasons for imposing the maximum sentence." *Id.* at *2.

## II. Discussion

 Under 28 U.S.C. § 2255, "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall ... grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." To prevail on his motion for a hearing, Moore must "establish that he has a plausible claim of ineffective assistance of counsel. At this preliminary stage he is not required to establish that he will necessarily succeed on the claim, and indeed, if he could presently prove that proposition, no hearing would be necessary." *Armienti v. United States*, 234 F.3d 820, 823 (2d Cir.

2000) (internal quotations omitted) (quoting *United States v. Tarricone*, 996 F.2d 1414, 1418 (2d Cir.1993)). If, however, the facts as alleged by petitioner, even if credited, would not entitle him to habeas relief, the motion should be denied. *See Ciak v. United States*, 59 F.3d 296, 307 (2d Cir. 1995).

 The government first argues that Moore's claims are not cognizable under 28 U.S.C. § 2255, because "Moore raises what amounts to Guidelines claims because he neither claims innocence nor that he would not have pleaded guilty but for his counsel's alleged errors." Gov't Response [Doc. # 154] at 8. However, Moore does not challenge the application of the guidelines. Instead, he alleges that his counsel's ineffective performance caused the Court to deny the additional one-level departure under § 3E1.1(b), and that his counsel's failure to attend oral argument on the appeal before the Second Circuit was the cause of that adverse ruling. Accordingly, his Sixth Amendment claims are properly before the Court on this § 2255 petition. *Cf. United States v. Carmichael*, 216 F.3d 224, 227 (2d Cir.2000) ("ineffective assistance of counsel is a constitutional violation of a defendant's rights"). These claims are analyzed under the well-known, two prong test from *Strickland v. Washington:* to prevail on a claim of ineffective assistance of counsel, the defendant must show (1) that counsel's representation fell below an objective standard of reasonableness measured by prevailing professional norms, and (2) that there is a reasonable probability that but for counsel's deficient performance, the outcome of the proceeding would have been different. 466 U.S. 668, 688–90, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *accord Boria v. Keane*, 99 F.3d 492, 496-97 (2d Cir.1996).

### A. *Departure under § 3E1.1(b)*

According to Moore's petition, but for his counsel's actions which led to the delays in entering the guilty plea, the Court would have awarded an additional one-level departure under § 3E1.1(b). Moore alleges that the following acts led to the delay in entering the plea: at the November jury selection, Mr. Chan advised and encouraged defendant to terminate him in order to delay the trial, Pet. ¶ G; Mr. Chan slept during unspecified court proceedings, Pet. ¶ H; Mr. Chan "failed to investigate and prepare an adequate and timely defense, as a result of which Attorney Chan sought and obtained the delays of trial," Pet. ¶ I; Mr. Chan "failed to adequately research applicable law in relation to the facts of this case, to analyze same, and to advise the defendant in a competent and timely manner with respect to the presence or absence of any reasonable defense and the desirability of pleading guilty and cooperating with the government," Pet. ¶ J. As evidence of Mr. Chan's unfamiliarity with federal court rules, Moore alleges that despite promising to timely file the notice of appeal, Mr. Chan did not file the appeal within ten days, as required by Fed. R. App. P. 4(b), but instead claimed that he believed that he had thirty days to file the appeal, based on his mistaken belief that this was the rule in the Southern District of New York. *See* Pet. ¶ K.

In his petition, Moore claims that at the time of his plea, sentencing and appeal, he was represented by Attorney Conti but that prior to entering the plea, he was represented by Attorney Chan. *See* Pet. ¶¶ C, D. Thus, Moore's petition is devoted to alleged errors by Chan. However, the record clearly reveals that Moore previously claimed that *Conti* was his trial lawyer, refused to continue jury selection without him, and that Conti and Chan together had represented Moore at least as far back as October 2, 1996. In addition, the Court postponed the first jury selection in October to permit Conti time to review the initial plea agreement, based on Moore's representation that he required *Conti's* assistance with assessing whether to change his plea. Moore's petition does not identify any failures on Conti's part that contributed to the delay in entering the guilty plea. Because Moore was represented by two attorneys, had Conti provided Moore with "effective assistance at all critical stages, [Moore's] Sixth Amendment rights would have been protected," regardless of whether Chan's conduct satisfied the requirements of the Sixth Amendment. *United States v. Novak,* 903 F.2d 883, 890 (2d Cir.1990) (no ineffective assistance claim arises if the petitioner is given effective assistance by local counsel, notwithstanding deficiencies of trial counsel).

As there is arguably some ambiguity on the record as to the respective roles played by Chan and Conti, the Court cannot conclude for purposes of determining whether to grant petitioner's hearing request that Conti was acting as Moore's counsel during the relevant time period. However, because even assuming that Chan was petitioner's sole counsel during the time leading up to the entry of the guilty plea, Moore has not alleged conduct by Chan satisfies the *Strickland* test for ineffective assistance, the Court concludes that no hearing is required.

■ The government argues that the Court's decision to deny the third level departure for timely acceptance of responsibility rested on Mr. Moore's failure to timely provide complete information, rather than any actions of his counsel, and that Mr. Moore was responsible for the delay in entering the guilty plea, regardless of the actions of his counsel. In support of this position, the government points to the colloquies between the Court and Mr. Moore

in which he informed the Court that he wished to continue the October jury selection to allow him time to review the plea agreement, and his actions at the November jury selection in terminating his counsel to achieve another continuance. Finally, the government argues that no prejudice has been alleged or shown, as Moore nowhere states that but for counsel's errors, he would have entered a guilty plea earlier.

Moore's petition alleges -- albeit conclusorily -- that Chan's failure to prepare adequately for trial and to advise him of the advisability of pleading guilty and cooperating with the government led to the delay in entering the guilty plea, which prevented Moore from receiving the additional one level departure.[1] Even assuming the truth of these allegations, such that further factual development in an evidentiary hearing might establish that Chan's conduct fell below an objective standard of reasonableness, Moore has not alleged sufficient facts from which this Court could conclude that there is a reasonable probability the outcome would have been different but for the alleged unprofessional conduct of Mr. Chan. *See United States v. Gordon,* 156 F.3d 376, 379-80 (2d Cir.1998). First, as the government points out, Moore does not allege that he would have agreed to enter a guilty plea earlier had his counsel advised him of the possibility of an additional one level departure for timely acceptance of responsibility, or had his counsel been better prepared for trial.

In this Circuit, a defendant claiming ineffective assistance regarding plea negotiations must provide some "objective evidence" that counsel's errors made a difference in his decisions with respect to the plea agreement. *See id.* at 381. Thus, even if Moore *did* claim that he would have agreed to enter a guilty plea earlier, his failure to identify any objective evidence supporting that contention would be sufficient basis to deny the petition.

In *Gordon,* the defendant's counsel had grossly miscalculated the maximum sentence possible if defendant went to trial, and the defendant submitted an affidavit stating that he had chosen not to accept a plea agreement in reliance on that information, and that had he been aware of the actual maximum, he would have entered a guilty plea. *See id.* The court found that the "vast disparity" between the maximum sentence if the defendant went to trial and the sentence under the plea agreement was sufficient objective evidence to satisfy *Strickland*'s prejudice prong by showing a "reasonable probability" that the outcome would have been different. *See id.; accord Mask v. McGinnis,* 233 F.3d 132, 137 (2d

---

1. Moore also alleges that he terminated Chan during the November jury selection under Chan's advice and encouragement. Even if Chan did instruct Moore that termination might achieve a delay in jury selection, the record clearly reveals that Mr. Moore and his entire family wanted the delay so that Attorney Conti might be present. Finally, as discussed below, Moore does not allege that he would have pleaded guilty in November had Chan not advised him to terminate him, and the record shows that Moore intended to go to trial at that point. Thus, even had the delay not been sought during the November jury selection, nothing in this record permits the conclusion that Moore's guilty plea would have been entered earlier.

The bare allegations that Chan "appeared to be sleeping" are completely unsupported and, without more, cannot provide a basis for ineffective assistance of counsel. The government has submitted an affidavit stating that at no time did counsel observe Mr. Chan asleep in the courtroom, which is fully consistent with the Court's own recollection of the proceedings. Finally, Moore fails to allege how the fact that Chan appeared to be sleeping -- assuming the truth of that assertion -- made any difference in his decision about when to enter his guilty plea.

Cir.2000) (more than ten year disparity between potential plea agreement and conviction after trial was sufficiently "great disparity" to support inference).

Here, while the fact that an additional one-level departure for timely acceptance of responsibility might have been available had defendant pleaded guilty earlier is not inconsequential,[2] the seventeen month difference is not enough to constitute a "vast disparity" to permit the conclusion that there is a reasonable probability that Moore would have pleaded guilty earlier had his counsel advised him of that possibility. Therefore, in light of Moore's failure to allege any facts that suggest a reasonable probability that but for the advice of Mr. Chan, he would have "timely provid[ed] complete information to the government concerning his own involvement in the offense; or timely notif[ied] authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently," Mr. Moore has not satisfied the second prong of the *Strickland* test.

### B. *Failure to attend oral argument*

Moore also alleges that Mr. Conti provided ineffective assistance of counsel, based on his failure to attend oral argument before the Second Circuit or consult with petitioner prior to deciding not to attend. *See* Pet. ¶ L. According to Moore, the adverse ruling of the Second Circuit was caused by this failure to attend oral argument. *See id.*

Moore's allegation that the Second Circuit ruled against him because his counsel failed to attend oral argument is pure speculation. Conti's appellate brief, a copy of which was submitted by the government in opposition to Moore's petition, challenged the Court's denial of the additional one-level departure under 3E1.1(b), the enhancement for the firearm, and the Court's decision to impose the maximum sentence permitted by the Guidelines. Moore has not set forth anything to support the conclusion that the outcome could have been different had his attorney been present at oral argument, let alone a "reasonable probability" that Conti's appearance before the Second Circuit would have made a difference. *See United States v. Birtle*, 792 F.2d 846, 847–48 (9th Cir.1986) ("The failure of counsel to appear at oral argument or to file a reply brief is not so essential to the fundamental fairness of the appellate process as to warrant application of a per se rule of prejudice."); *Morgan v. Zant*, 743 F.2d 775, 780 (11th Cir.1984) (where trial counsel filed a five page appellate brief that failed to raise defendant's one valid argument, failed to attend oral argument before the state supreme court and failed to file a supplemental brief requested by that court, "this conduct [was] woefully inadequate and likely ineffective," but no relief granted because the court found "no prejudice accruing to the petitioner from his attorney's misfeasance"). While this Court agrees that Conti's failure to show up at oral argument before the Second Circuit was certainly unprofessional, Moore again has not satisfied the prejudice prong, and thus cannot show that he was deprived of his Sixth Amendment rights.

### III. Conclusion

For the reasons set forth above, the Court concludes that no evidentiary hear-

---

**2.** Moore's total offense level was 35, with a two-level reduction for acceptance of responsibility, resulting in a total offense level of 33 and a sentencing range of 135 to 168 months' imprisonment. An additional one-level depar-

ture would have reduced Moore's offense level to 32, with a sentencing range of 121 to 151 months, above the 10 year mandatory minimum. Thus, Moore's maximum guideline exposure would have been 17 months less.

ing is warranted on Moore's § 2255 petition, and petitioner's Motion to Set Aside Judgment of Conviction is DENIED.

IT IS SO ORDERED.