[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-14853
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 18, 2011
JOHN LEY
CLERK

D.C. Docket No. 08-10037-CV-JLK

DAVID HERNANDEZ,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
Walter A. McNeil,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 18, 2011)

Before PRYOR, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

David Hernandez, a Florida state prisoner proceeding *pro se*, appeals the district court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254.[1] The district court granted a certificate of appealability as to "[w]hether it was ineffective assistance of counsel, under United States v. Cronic, 466 U.S. 648[, 104 S. Ct. 2039] (1984), for appellate counsel to fail to appear for oral argument on direct appeal of [Hernandez's] state-court conviction." Therefore, our review in this appeal is confined to that issue. See 28 U.S.C. § 2253(c). After a thorough review of the record and the parties' briefs, we affirm.

Hernandez argues that his counsel abandoned him during a critical stage of his proceeding by waiving oral argument on direct appeal.[2] See Cronic, 466 U.S. at 659, 104 S. Ct. at 2047 ("[A] trial is unfair if the accused is denied counsel at a critical stage of his trial."). We review *de novo* the district court's denial of a 28 U.S.C. § 2254 petition, but accord deference to the state court's decision on the merits of a claim. Davis v. Jones, 506 F.3d 1325, 1331 (11th Cir. 2007). Florida's Third District Court of Appeals summarily denied Hernandez's claim of

---

[1] "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

[2] We will not consider Hernandez's claim that his appellate counsel also abandoned him by failing to file a reply brief in his direct appeal, because the district court issued a certificate of appealability only as to whether appellate counsel's waiver of oral argument constituted ineffective assistance of counsel under Cronic. See 28 U.S.C.§ 2253(c).

2

ineffective assistance of appellate counsel. "[A] state court's summary rejection of a claim qualifies as an adjudication on the merits . . . so as to warrant deference." Ferguson v. Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008). Therefore, we may not grant habeas relief unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Davis, 506 F.3d at 1331.

"A state court acts contrary to clearly established federal law if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from its precedent." Suggs v. McNeil, 609 F.3d 1218, 1227 (11th Cir. 2010) (quotation marks omitted). A state court unreasonably applies federal law when it "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case," or when it "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." Id. (quotation marks omitted). In determining unreasonableness, we do not ask whether the state court decided an issue correctly, but only whether the court's

decision was objectively unreasonable. Wright v. Sec'y for Dep't of Corr., 278 F.3d 1245, 1256 (11th Cir. 2002).

The United States Constitution guarantees every criminal defendant the right to effective assistance of counsel, both at trial and on the first direct appeal. Evitts v. Lucey, 469 U.S. 387, 396–97, 105 S. Ct. 830, 836–37 (1985). Normally, to show a violation of the right to effective assistance of counsel, a defendant must establish two elements. "First, the defendant must show that counsel's performance was deficient." Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). In assessing performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689, 104 S. Ct. at 2065 (quotation marks omitted). "Second, the defendant must show that the deficient performance prejudiced the defense." Id. at 687, 104 S. Ct. at 2064. Generally, to establish prejudice, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S. Ct. at 2068.

In certain limited situations, however, a defendant may establish ineffective assistance of counsel without having to prove prejudice. Cronic, 466 U.S. at 658–60, 104 S. Ct. at 2046–47; Conklin v. Schofield, 366 F.3d 1191, 1201 (11th Cir. 2004). In Cronic, the Supreme Court explained that "a trial is unfair if the accused is denied counsel at a critical stage of his trial." 466 U.S. at 659, 104 S. Ct. at 2047. As such, "[p]rejudice is presumed when counsel was either totally absent or prevented from assisting the accused during a critical stage of the proceedings." Hays v. Alabama, 85 F.3d 1492, 1497 (11th Cir. 1996).

Hernandez contends that oral argument on direct appeal was a critical stage of his trial. We disagree. As the Ninth Circuit has explained, "[t]he conclusion that oral argument . . . [is] not [a] critical stage[ ] reflects the fact that the failure . . . to appear at oral argument does not prevent review of the issues raised on appeal." United States v. Birtle, 792 F.2d 846, 848 (9th Cir. 1986). As such, "[t]he failure of counsel to appear at oral argument . . . is not so essential to the fundamental fairness of the appellate process as to warrant application of a per se rule of prejudice." Id. (citing Morgan v. Zant, 743 F.2d 775, 780 (11th Cir. 1984), overruled on other grounds by Peek v. Kemp, 784 F.2d 1479, 1494 & nn.15–16 (11th Cir. 1986) (en banc)).

5

We also note that even if oral argument were a critical stage of the proceeding, Hernandez has not established that he was denied counsel during this stage. "A petitioner claiming that he was denied counsel at a critical stage must show that he was 'actually or constructively . . . denied counsel by government action.'" Hunter v. Moore, 304 F.3d 1066, 1071 (11th Cir. 2002) (quoting Bell v. Cone, 535 U.S. 685, 696 n.3, 122 S. Ct. 1843, 1851 n.3 (2002)). Hernandez's appellate counsel had the opportunity to present oral argument, but waived the right to do so. This was "a strategic choice that is subject to Strickland's performance and prejudice prongs." Id.

Nor has Hernandez shown that the state court unreasonably applied Strickland. As the district court observed, "Hernandez's appellate counsel filed a timely notice of appeal and a 33-page initial brief, raising two arguably meritorious claims." Further, oral argument was not required by the Florida Rules of Appellate Procedure. Fla. R. App. P. 9.320 ("On its own motion or that of a party, the court may . . . dispense with oral argument."). Under these circumstances, Hernandez's appellate counsel may have believed that Hernandez's claims were sufficiently presented in the initial brief and that oral argument was not necessary or advisable. See Strickland, 466 U.S. at 689, 104 S. Ct. at 2065 ("[T]he defendant must overcome the presumption that, under the circumstances,

6

the challenged action might be considered sound trial strategy." (quotation marks omitted)).

We conclude that the state court reasonably applied Cronic and Strickland in rejecting Hernandez's claim that appellate counsel was ineffective for waiving oral argument. Because the district court therefore did not err in denying Hernandez's habeas petition as to this claim, we affirm.

**AFFIRMED.**