**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Claude S. BIRTLE,**
**Defendant-Appellant.**

**No. 84–6264.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 10, 1986.
Decided June 19, 1986.

Nora M. Manella, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

John K. Saur, Santa Ana, Cal., for defendant-appellant.

Before WALLACE, FARRIS, and NORRIS, Circuit Judges.

WALLACE, Circuit Judge:

Birtle appeals from the district court's order denying his motion to vacate his sentence pursuant to 28 U.S.C. § 2255. In his motion, Birtle alleged that his counsel on appeal failed to provide effective assistance of counsel. We have jurisdiction under 28 U.S.C. § 2255, and we affirm.

## I

Birtle directly appealed from his conviction of eighteen counts of fraud and related crimes, and we affirmed in an unpublished memorandum decision. *United States v. Birtle*, No. 81–1329 (9th Cir. Oct. 6, 1983). Birtle then filed a motion to vacate his sentence on the ground that his appellate counsel's failure to appear at oral argument and to file a reply brief constituted ineffective assistance of counsel. The district court concluded that "none of counsel's omissions could have possibly had any effect on the outcome of the appeal," and, in reliance on *Strickland v. Washington*, 466 U.S. 668, 691–93, 104 S.Ct. 2052, 2066–68, 80 L.Ed.2d 674 (1984) (*Strickland*), denied the motion without an evidentiary hearing.

## II

■ A claim of ineffective assistance of counsel is a mixed question of law and fact that is reviewed de novo. *Id.* at 698, 104 S.Ct. at 2070; *Weygandt v. Ducharme*, 774 F.2d 1491, 1492–93 (9th Cir.1985). We defer to the district court's findings of what counsel did, *Doyle v. United States*, 721 F.2d 1195, 1198–99 (9th Cir.1983), but use our own judgment to determine "the performance and prejudice components of the ineffectiveness inquiry." *Strickland*, 466 U.S. at 698, 104 S.Ct. at 2070.

### A.

■ We first determine if the district court applied the proper standard against which the alleged errors committed by Birtle's counsel should be measured for sixth amendment purposes. The district court applied *Strickland*'s two-part test, which requires a showing both that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Id.* at 687, 104 S.Ct. at 2064. Birtle contends that *Strickland* is confined to claims of ineffective assistance of counsel at the trial level and not to his claim involving counsel on appeal. He relies on *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985) (*Evitts*), in which the Supreme Court declined to decide if *Strickland* applies to counsel on appeal. *Id.* 105 S.Ct. at 833. *But see Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069 (principles should apply to direct appeal).

Even if Birtle is correct that the Supreme Court has not clearly held that the *Strickland* test is the proper standard to evaluate the performance of counsel on appeal, we have applied *Strickland*'s two-part test to determine if appellate counsel's assistance was ineffective. *Guam v. Santos*, 741 F.2d 1167, 1169 (9th Cir.1984) (per curiam); *see United States v. McAdams*, 759 F.2d 1407, 1409 (9th Cir.1985). Consequently, the district court applied the proper standard to evaluate the performance of Birtle's appellate counsel.

### B.

Birtle next contends that even if *Strickland* does apply, the prejudice prong of the test should be presumed pursuant to *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984) (*Cronic*). In *Cronic*, the Supreme Court stated that there are "circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." *Id.* at 658, 104 S.Ct. at 2047. The Court gave as an example of such circumstances the denial or total absence of counsel at a critical stage of the proceeding. *Id.* at 659 & n. 25, 104 S.Ct. at 2047 & n. 25. Birtle contends that oral argument and the filing of a reply brief at the appellate level are critical stages for sixth amendment purposes.

The Supreme Court formulated the critical stage doctrine to extend sixth amendment protections to "any stage of the pros-

ecution, formal or informal, in court or out, where counsel's absence might derogate the accused's right to a fair trial." *United States v. Wade,* 388 U.S. 218, 226, 87 S.Ct. 1926, 1932, 18 L.Ed.2d 1149 (1967). In *Evitts,* the Supreme Court concluded that the protection of the due process clause guarantees an accused a right to effective assistance of counsel on a first appeal as of right. *Evitts,* 105 S.Ct. at 835–36. Birtle argues that his sixth amendment rights were also implicated and, therefore, that a first appeal as of right is a critical stage within the meaning of *Cronic.*

■ We need not reach this issue. Even if a first appeal as of right is a critical stage within the meaning of *Cronic,* it does not follow that every step of the appeal is similarly a critical stage. The conclusion that oral argument and the filing of a reply brief are not critical stages reflects the fact that the failure to file a reply brief or to appear at oral argument does not prevent review of the issues raised on appeal.

■ In *Cronic,* the Court stated that where counsel was totally absent or prevented from assisting the defendant during a critical stage the presumption of prejudice should apply. *Cronic,* 466 U.S. at 659 n. 25, 104 S.Ct. at 2047 n. 25; *see also Strickland,* 466 U.S. at 692, 104 S.Ct. at 2067. Birtle has not been totally deprived of counsel on appeal. He may argue, as he does, that under the circumstances of this case, counsel's failure to appear at oral argument or to file a reply brief falls below an objective standard of reasonableness, but that question is best addressed as part of *Strickland*'s two-part test. In both *Strickland* and *Cronic,* the Court emphasized that the right to effective assistance of counsel is recognized because of its impact on the "fundamental fairness of the proceeding whose result is being challenged." *Strickland,* 466 U.S. at 696, 104 S.Ct. at 2069; *see Cronic,* 466 U.S. at 655, 658, 104 S.Ct. at 2044, 2046. The failure of counsel to appear at oral argument or to file a reply brief is not so essential to the fundamental fairness of the appellate process as to warrant application of a per se

rule of prejudice. *See Morgan v. Zant,* 743 F.2d 775, 780 (11th Cir.1984), *overruled on other grounds, Peek v. Kemp,* 784 F.2d 1479, 1494 & nn. 15–16 (11th Cir.1986) (en banc); *cf. Hamilton v. McCotter,* 772 F.2d 171, 181–82 (5th Cir.1985); *Schwander v. Blackburn,* 750 F.2d 494, 501–02 (5th Cir. 1985).

Oral argument on appeal is not required by the Constitution in all cases; nor is it necessarily essential to a fair hearing. *In re Amendment of Rule 3,* 440 F.2d 847, 849 (9th Cir.1970) (amending Ninth Circuit Rules). This is particularly true when "legal arguments only are involved, and the material issues have been briefed." *See Lien Ho Hsing Steel Enterprise Co. v. Weihtag,* 738 F.2d 1455, 1461 (9th Cir. 1984). Indeed, rule 3(f) of the Rules of the United States Court of Appeals for the Ninth Circuit permits us to dispense with oral argument if the appeal is frivolous, the issues have been recently authoritatively decided, or the briefs and record are such that oral argument is not helpful. Similarly, the parties may agree to waive oral argument and submit the case on the briefs. Fed.R.App.P. 34(f).

A reply brief also generally is not essential for appellate review. Thus, Federal Rule of Appellate Procedure 28(c) indicates that the filing of a reply brief is discretionary. In fact, parties often decide not to file a reply brief as a matter of appellate strategy or because they perceive no need to do so. Its purpose is to allow the appellant an opportunity to clarify or reemphasize, in light of the appellee's brief, the issues already raised and argued in his opening brief. Indeed, "[t]he general rule is that appellants cannot raise a new issue for the first time in their reply briefs." *Thompson v. Commissioner,* 631 F.2d 642, 649 (9th Cir.1980), *cert. denied,* 452 U.S. 961, 101 S.Ct. 3110, 69 L.Ed.2d 972 (1981); *accord United States v. Kendrick,* 692 F.2d 1262, 1265 (9th Cir.1982), *cert. denied,* 461 U.S. 914, 103 S.Ct. 1892, 77 L.Ed.2d 282 (1983). Consequently, it makes sense, assuming *Cronic* applies, to view the first appeal as of right as one critical stage of

the criminal process and not as a proceeding which comprises several individual critical stages.

C.

Birtle next contends that even if *Strickland*'s prejudice requirement is applied, he has made a sufficient showing of prejudice. In *Strickland,* the Court emphasized that "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Strickland,* 466 U.S. at 693, 104 S.Ct. at 2067. Rather, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068. In determining if prejudice has occurred, we must presume the judge or jury "reasonably, conscientiously, and impartially" applied the relevant law. *Id.* at 694–95, 104 S.Ct. at 2068–69.

Under these facts, we are not convinced that the failure of Birtle's appellate counsel to appear at oral argument and to file a reply brief results in a reasonable probability "sufficient to undermine confidence in the outcome." *Id.* Birtle's appellate counsel filed a timely notice of appeal and a 54-page opening brief that raised 12 separate issues. Counsel for Birtle's codefendants was present and argued many of the same issues that Birtle raised in his opening brief. We examined Birtle's opening brief and, in an unpublished memorandum decision, summarily addressed four of the issues he raised, dismissed the remaining eight as having no merit, and affirmed his conviction. Birtle has not demonstrated how oral argument and the filing of a reply brief would have resulted in a reasonable probability of a different outcome. Thus, he has failed to demonstrate that he was denied effective assistance of counsel on appeal.

III

As a final argument, Birtle contends that there are factual issues which

required the district court to hold an evidentiary hearing pursuant to 28 U.S.C. § 2255. No evidentiary hearing is required, however, if the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see United States v. Schaflander,* 743 F.2d 714, 717 (9th Cir.1984), *cert. denied,* — U.S. —, 105 S.Ct. 1772, 84 L.Ed.2d 832 (1985). All of the factual issues that Birtle alleges exist relate to his contention that the performance of his counsel on appeal fell below the level of reasonably competent counsel. That issue need not be resolved, however, because Birtle has failed to meet *Strickland*'s prejudice requirement. *See Strickland,* 466 U.S. at 698–99, 104 S.Ct. at 2070–71. Therefore, a section 2255 evidentiary hearing was not required.

AFFIRMED.