86 F.3d 1164
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerry HERNANDEZ, Defendant-Appellant.
 No. 95-56030.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 20, 1996.*
Decided May 29, 1996.
 
 Before: BROWNING, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jerry Hernandez appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence. Hernandez contends: (1) he was entitled to a mitigating role adjustment under U.S.S.G. § 3B1.2 for minor or minimal participation, and his post-conviction rehabilitation warranted a reduction of his sentence; (2) his trial counsel provided ineffective assistance by failing to seek a role adjustment; and (3) the district court improperly denied him the opportunity to file a traverse. We have jurisdiction under 28 U.S.C. §§ 1291 and 2255. We review de novo the district court's denial of Hernandez' § 2255 motion, Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994), and affirm.[1]
 
 Sentencing Claims
 
 3
 Hernandez contends that he was entitled to a mitigating role adjustment and that his post-conviction rehabilitation warranted a lesser sentence.
 
 
 4
 We are foreclosed from reviewing nonconstitutional sentencing errors under § 2255 when such errors have not been raised on direct appeal. United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir.1995).
 
 
 5
 Here, Hernandez raises issues regarding his sentencing by the district court. He did not, however, appeal his sentence prior to filing his § 2255 motion. Because he failed to raise his current challenge to his sentence on direct appeal, we will not now consider his claims. See id.
 
 Ineffective Assistance of Counsel
 
 6
 Hernandez contends that his trial counsel was ineffective for failing to seek a role adjustment for minor or minimal participation.
 
 
 7
 A successful claim of ineffective assistance of counsel requires that a petitioner show that counsel's performance was deficient and that counsel's deficient performance prejudiced the petitioner. Strickland v. Washington, 466 U.S. 668, 687 (1994). A defendant is entitled to a downward adjustment if he played a minor or minimal role and was "substantially less culpable than the average participant." U.S.S.G. § 3B1.2, comment. (backg'd); United States v. Benitez, 34 F.3d 1489, 1498 (9th Cir.1994), cert. denied, 115 S.Ct. 1268 (1995). A defendant is not automatically entitled to a sentence reduction simply because he is less culpable than his co-participants. Benitez, 34 F.3d at 1498.
 
 
 8
 Here, the record shows that Hernandez's counsel did in fact argue at the sentencing hearing that Hernandez had acted merely as an "assistant or gofer [sic]" and had only done so for a limited amount of time. The record indicates that Hernandez delivered several pounds of methamphetamine per week for the seven months he was involved in the drug conspiracy, and that during the plea hearing, he admitted to distributing twenty pounds of methamphetamine "from one end to another." Moreover, Hernandez stipulated in his plea agreement that "neither an increase nor a decrease in offense level based on defendant's role in the offense is appropriate." Based on these facts, Hernandez has failed to show his counsel's performance was deficient or that he suffered any prejudice due to his counsel's actions or failure to act. See Strickland, 466 U.S. at 687.
 
 Opportunity to File a Traverse
 
 9
 Hernandez contends that the district court improperly denied him the opportunity to file a traverse to the government's answer.
 
 
 10
 Section 2255 does not require a traverse to the government's answer, and Congress did not intend that a traverse be required, except under special circumstances. See 28 U.S.C. § 2255; Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. § 2255 advisory committee's note to Rule 5.
 
 
 11
 Here, although the district court indicated that Hernandez would have the opportunity to file a traverse, Hernandez did not attempt to file a traverse until almost two months after the court's order. At that time, Hernandez did not inform the court what issues he would present in his traverse, and did not indicate to the court why a traverse would be necessary. Because Hernandez has failed to show special circumstances, the district court did not improperly deny Hernandez the opportunity to file a traverse. See id.[2]
 
 
 12
 Based on our review of the record, Hernandez is not entitled to relief under § 2255. See Frazer, 18 F.3d at 781.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we affirm the district court's denial of Hernandez's motion under the former version of 28 U.S.C. § 2255, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal
 
 
 [2]
 In his reply brief, Hernandez raises the arguments he asserts he would have raised if given the opportunity to file a traverse. We note, however, that the law upon which Hernandez bases these arguments would not have been available to him at the time he sought to file a traverse. The law was available at the time he filed his opening brief, however, and we will not consider these arguments because Hernandez raised them before this court for the first time in his reply brief. See United States v. Birtle, 792 F.2d 846, 848 (9th Cir.1986)