97 F.3d 1460
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Floyd SCOTT, Plaintiff-Appellant,
v.
D. LEWIS, Correctional Officer at Pelican Bay State Prison;
C.W. Essex, Correctional Officer at Pelican Bay
State Prison, Defendants-Appellees.
 No. 95-17361.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 10, 1996.*
Decided Sept. 13, 1996.
 
 Before: FLETCHER, BRUNETTI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Floyd Scott appeals pro se the district court's judgment, following a bench trial, in favor of defendant correctional officers in Scott's 42 U.S.C. § 1983 action alleging that the officers violated his First Amendment rights by retaliating against him for filing prison grievances. Scott contends the district court erred by: (1) concluding that he failed to establish retaliation; (2) limiting his cross-examination of a witness; and (3) permitting defense counsel to question Scott about his commitment offenses. He also contends the magistrate judge was biased against him. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Because this is an appeal from a bench trial, we review the district court's findings of fact, whether based on oral or documentary evidence, for clear error, giving due regard to the court's opportunity to judge the credibility of witnesses. Fed.R.Civ.P. 52(a); Brooker v. Desert Hosp. Corp., 947 F.2d 412, 415 (9th Cir.1991); see also Toussaint v. McCarthy, 801 F.2d 1080, 1087 (9th Cir.1986), cert. denied, 481 U.S. 1069 (1987). We review the district court's conclusions of law de novo. Brooker, 947 F.2d at 415; Toussaint, 801 F.2d at 1087.
 
 I. Retaliation of Prison Officials
 
 4
 Prisoners have a First Amendment right to be free from retaliation for participating in protected speech activities including the right to established prison grievance procedures. See Pratt v. Rowland, 65 F.3d 802, 806 & n. 4 (9th Cir.1995); Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir.1995). "A prisoner suing under section 1983 must [show] that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving order and discipline." Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir.1994) (per curiam) (citing Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985)).
 
 
 5
 At trial, Scott set out to prove that prison officials retaliated against him for filing prison grievances by: (1) reducing his payable work hours; (2) issuing a false counseling memorandum alleging Scott had threatened prison officials; and (3) filing a false rules violation report. The district court found that Scott failed to meet his burden of showing that the defendants' actions did not advance legitimate penological goals. The district court's factual findings, which were based in part on credibility determinations, are not clearly erroneous.
 
 
 6
 First, the court found that the evidence supported the defendants' claim that Scott's payable work hours were reduced to reflect the California Department of Corrections ("CDC") policy that inmates receive monetary compensation for hours actually worked. See Rizzo, 778 F.2d at 532. The court based its findings on the testimony of the officers as well as the CDC regulations themselves. Second, the court found that there was "some evidence" to support the two disciplinary reports and, further, that they served the legitimate penological purpose of maintaining prison discipline. See Barnett, 31 F.3d at 816; Rizzo, 778 F.2d at 532. In so concluding, the district court relied upon the testimony of the officers as well as Scott's own admissions regarding his conduct on the relevant occasions. We find no error in the district court's factual findings or its legal conclusions. See Brooker, 947 F.2d at 415; Toussaint, 801 F.2d at 1087.
 
 II. Commitment Offenses
 
 7
 Scott contends that the district court erred by allowing defense counsel to question him regarding the nature of his commitment offenses. This contention lacks merit.
 
 
 8
 A district court has broad discretion in admitting evidence and in determining whether the probative value of evidence is substantially outweighed by the danger of unfair prejudice. See Ruvalcaba v. City of Los Angeles, 64 F.3d 1323, 1328 (9th Cir.1995), cert. denied, 116 S.Ct. 1841 (1996). Accordingly, its rulings in such matters are reviewed only for an abuse of discretion. Id.
 
 
 9
 At trial, Scott sought two million dollars in emotional distress damages based on defendants' retaliatory conduct. In this context, defense counsel was permitted to ask Scott about his convictions for rape and child molestation in order to determine whether he could be experiencing distress from sources other than defendants' conduct. We do not discern any prejudice to Scott resulting from the admission of this testimony in his bench trial. Cf. Scott v. Lawrence, 36 F.3d 871, (9th Cir.1994) (prejudicial error for trial court to inform jury during voir dire that plaintiff had been convicted of sex crimes when evidence of priors never introduced during trial.)
 
 III. Impeachment Evidence
 
 10
 Scott contends that the district court abused its discretion when it refused to allow him to attack officer Rodriguez's credibility by questioning him regarding the reasons for Rodriguez's demotion. This contention lacks merit because Scott has failed to show that Rodriguez's demotion was relevant to his credibility as a witness. See Fed.R.Evid. 608(b); Cf. United States v. Collins, 90 F.3d 1420, 1429 (9th Cir.1996).
 
 IV. Judicial Bias
 
 11
 Finally, Scott contends that the magistrate judge was biased against him because she limited his examination of witnesses, commented on his prisoner status, and prevented him from introducing various exhibits. Scott's contentions are without merit because his allegations of bias or prejudice are based on nothing more than the judge's adverse findings and rulings, whereas recusal is warranted only when judicial bias stems from an extrajudicial source. See Liteky v. United States, 114 S.Ct. 1147, 1157 (1994); Taylor v. Regents of Univ. of California, 993 F.2d 710, 712-13 (9th Cir.1993), cert. denied, 510 U.S. 1076 (1994).[1]
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. In addition, because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We summarily reject Scott's contention that his due process rights were violated because defense counsel failed to ensure that Scott was brought to the courthouse on time. Scott has failed to identify any resulting prejudice
 
 
 [2]
 Any claims raised by Scott for the first time in his reply brief are deemed waived. See United States v. Birtle, 792 F.2d 846, 848 (9th Cir.1986)