98 F.3d 1347
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David BELL, Defendant-Appellant.
 No. 95-16515.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1996.*
Decided Oct. 10, 1996.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Bell appeals pro se the denial of his 28 U.S.C. § 2255 motion challenging his conviction for several bank robbery offenses. Bell contends that: (1) the district court abused its discretion by denying his motion for recusal; (2) the district court erred by dismissing some of his claims as either successive or procedurally barred; and (3) the district court abused its discretion by failing to grant an evidentiary hearing.[1] We have jurisdiction under 28 U.S.C. §§ 1291 and 2255. We review de novo the district court's denial of Bell's motion, Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995), and affirm.
 
 
 3
 Bell contends that the district judge abused his discretion by failing to recuse himself from considering Bell's section 2255 motion.
 
 
 4
 We review for an abuse of discretion a district judge's denial of a recusal motion, and will reverse only if the denial represents "a clear error of judgment." See Datagate, Inc. v. Hewlett-Packard Co., 941 F.2d 864, 870-71 (9th Cir.1991); United States v. Studley, 783 F.2d 934, 939 (9th Cir.1986). The standard for recusal is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Datagate, Inc., 941 F.2d at 871; Studley, 783 F.2d at 939.
 
 
 5
 Here, Bell's claim fails because he has not shown that the denial of his recusal motion represented a clear error in judgment. See Datagate, Inc., 941 F.2d at 870-71; Studley, 783 F.2d at 939. Bell contends that the district judge harbored a racial bias and a personal bias against him based on Bell's filing of a judicial misconduct complaint. Bell asserts that the judge's bias is evinced by his failure to allow discovery or an evidentiary hearing; his deciding a question of fact that a jury should have determined; and his failure to allow another judge to rule on the recusal motion. An examination of the record, however, does not support a conclusion that the district judge's impartiality may reasonably be questioned, and Bell's claim therefore fails. See Datagate, Inc., 941 F.2d at 870-71; Studley, 783 F.2d at 939.
 
 
 6
 Bell contends that the district court mistakenly dismissed some of his claims as either successive or procedurally barred.
 
 
 7
 We may affirm based on any ground finding support in the record. See Marino v. Vasquez, 812 F.2d 499, 508 (9th Cir.1987). When a federal prisoner raises a claim under section 2255 that was previously denied on direct appeal, the district court may dismiss the claim without redetermining the claim's merits. See Polizzi v. United States, 550 F.2d 1133, 1135-36 (9th Cir.1976). A district court may, however, consider the claim if failure to do so would result in a manifest injustice. See id. at 1133. A prisoner defaults a claim when he fails to comply with an applicable procedural rule, and he must show cause and prejudice for his failure to comply with the rule. See English v. United States, 42 F.3d 473, 477 (9th Cir.1994). If a motion to suppress evidence is not made prior to trial, any objections to the admission of such evidence are waived. Fed.R.Crim.P. 12(b)(3) and 12(f).
 
 
 8
 Here, we have previously rejected on direct appeal Bell's contentions regarding the amendment to his presentence report and the admission of a co-conspirator's hearsay testimony. Because Bell has not shown that the district court's failure to consider these claims will result in a manifest injustice, the district court did not err by dismissing them. See Polizzi, 550 F.2d at 1136. Because he failed to object pre-trial to the district court's admission of evidence of prior robberies, Bell defaulted his claim that the admission of the evidence was improper. See Fed.R.Crim.P. 12(b)(3) and 12(f); English, 42 F.3d at 477. Bell offers his counsel's ineffective assistance and the government's withholding of exculpatory material as cause for his default, yet he fails to show that his counsel was ineffective and he does not state what material the government withheld from him. Thus, neither of these assertions constitute cause for Bell's default. See English, 42 F.3d at 477. The district court's dismissal of these claims is supported by the record. See Marino, 812 F.2d at 508.
 
 
 9
 Bell contends that the district court abused its discretion by denying his section 2255 motion without conducting an evidentiary hearing. Because Bell's allegations, when viewed against the record, fail to state claims for relief, the district court did not abuse its discretion by failing to conduct an evidentiary hearing. See Quintero v. United States, 33 F.3d 1133, 1135 (9th Cir.1994); Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. We do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We do not consider: (1) claims that Bell raises for the first time in his reply brief, see United States v. Birtle, 792 F.2d 846, 848 (9th Cir.1986); (2) Bell's attempt to incorporate claims raised in his 93-page section 2255 motion, see Fed.R.App.P. 28(a)(3) (stating that appellant must make statement of issues presented for review); see also Wilcox v. Commissioner, 848 F.2d 1007, 1008 n. 2 (9th Cir.1988) (noting that pro se litigant abandoned arguments not addressed in brief); and (3) claims Bell failed to raise in his section 2255 motion, see United States v. Johnson, 988 F.2d 941, 945 (9th Cir.1993)