124 F.3d 212
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Victor REYNOLDS, Petitioner-Appellant,
v.
George SMITH, Warden; Attorney General of the State of
California, Respondent-Appellees.
 No. 96-55978.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 8, 1997.**
Decided Sept. 15, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CV-95-06024-JMI; James M. Ideman, District Judge, Presiding.
 Before HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Victor Reynolds appeals pro se the denial of his 28 U.S.C. § 2254 petition. We review de novo. See Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), cert. denied, 116 S.Ct. 1549 (1996). We have jurisdiction, 28 U.S.C. § 2253, and we affirm.
 
 
 3
 * Prosecutorial Misconduct
 
 
 4
 Reynolds first contends that the prosecutor committed misconduct. This contention lacks merit.
 
 
 5
 Federal habeas review of prosecutorial misconduct is limited to the narrow issue of whether the conduct violated due process. See Thomas v. Borg, 74 F.3d 1571, 1576 (9th Cir.), cert. denied, 117 S.Ct. 227 (1996). Prosecutorial misconduct violates due process when it has a substantial and injurious effect or influence in determining the jury's verdict. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 899 (9th Cir.1996). It is permissible for a prosecutor to argue inferences based on evidence introduced at trial. See Duckett, 67 F.3d at 742. Moreover, where the trial court gives the jury a curative instruction, it is presumed that the jury will follow that instruction. See Greer v. Miller, 483 U.S. 756, 766 n. 8 (1987); see also Burks v. Borg, 27 F.3d 1424, 1431 (9th Cir.1994).
 
 
 6
 Here, Reynolds complains that the prosecutor expressed her personal belief in Reynolds's guilt during closing argument. It is clear from the record, however, that the prosecutor was merely urging the jury to find, based on the evidence, that Reynolds was guilty of the crimes with which he was charged. See Duckett, 67 F.3d at 742. In addition, immediately after these comments, the trial court admonished the jury that the prosecutor was only arguing from the evidence, and not expressing her personal belief. See Burks, 27 F.3d at 1431 (petitioner could not show that prosecutor's remarks had a substantial and injurious effect, given prompt and effective curative instruction by the trial court).
 
 
 7
 We also reject Reynolds's contention that the prosecutor made numerous prejudicial remarks concerning Reynolds's sexual orientation. Four of the six counts with which Reynolds was charged required the prosecutor to prove that Reynolds was sexually aroused or gratified by his actions, see Cal.Penal Code § 243.4(d) (West 1992), and a careful review of the record discloses no statements that went beyond arguing that the elements of the crimes were supported by the evidence.[1]
 
 II
 Counts I and II
 
 8
 Reynolds also contends that his constitutional rights were violated because he was convicted of two crimes, forcible oral copulation (count I) and oral copulation of a minor (count II), based on a single act. This contention lacks merit.
 
 
 9
 " 'The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied is whether each provision requires proof of an additional fact which the other does not.' " See Watts v. Bonneville, 879 F.2d 685, 687 (9th Cir.1989) (quoting Blockburger v. United States, 284 U.S. 299, 304 (1932) and omitting additional quotation). In California, oral copulation of a minor requires proof that the victim was under 18 years of age. See Cal.Penal Code § 288a(b)(1) (West 1992). Forcible oral copulation requires that the copulation be accomplished by means of force, violence, menace or fear of bodily injury. See Cal.Penal Code § 288a(c) (West 1992). Because each of these counts contains an additional element that the other does not, conviction on both counts was constitutional. See Watts, 879 F.2d at 687.
 
 III
 Ineffective Assistance of Counsel
 
 10
 Next, Reynolds contends that trial counsel provided ineffective assistance of counsel. This contention lacks merit.
 
 
 11
 To prevail on a claim of ineffective assistance, a defendant must show both that his counsel's performance was deficient and that this prejudiced his case. See Strickland v. Washington, 466 U.S. 668, 688 (1984). In proving deficient performance, a petitioner must overcome the presumption that counsel exercised sound trial strategy, under the circumstances. See id. at 689. A reasonable tactical decision by counsel with which the defendant disagrees cannot form a basis for an ineffective assistance of counsel claim. See Strickland, 466 U.S. at 690; Guam v. Santos, 741 F.2d 1167, 1169 (9th Cir.1984) (per curiam).
 
 
 12
 First, Reynolds contends that his counsel was ineffective for failing to request CALJIC No. 17.03 in reference to Counts I and II. CALJIC No. 17.03, however, applies only when a defendant is charged with a crime in the alternative. Here, Reynolds was not charged in the alternative, but was in fact charged with both crimes. Accordingly, Reynolds cannot show that he was prejudiced by counsel's failure to request this instruction. See Strickland, 466 U.S. at 690; Santos, 741 F.2d at 1169.
 
 
 13
 Second, Reynolds contends that counsel was ineffective for conceding Reynolds's guilt as to Count I, oral copulation of a minor. Both Count I and Count II were based on a single act. The evidence as to Reynolds's commission of the act was overwhelming. The victim testified that Reynolds put the victim's penis in his mouth. The victim's stepfather testified that when he confronted Reynolds, Reynolds admitted he had orally copulated the victim and apologized. At trial, counsel decided to concede Reynolds's guilt on Count I, a misdemeanor, but argued that there was insufficient evidence of force, an element of Count II, a felony punishable by up to eight years in prison. Given the overwhelming evidence of oral copulation, including Reynolds's admission, and because defense counsel could not credibly argue both that Reynolds did not orally copulate the victim, and that if he did there was no force, counsel's tactical decision was not deficient performance. See Santos, 741 F.2d at 1169. We also reject Reynolds's contention that he had a conflict of interest with defense counsel based on his disagreement with this defense strategy. See id.[2]
 
 
 14
 Finally, Reynolds contends that the above errors resulted in cumulative error. Because we hold that there were no constitutional violations during Reynolds's trial, there is no reason to reverse for cumulative error. See Rupe v. Wood, 93 F.3d 1434, 1445 (9th Cir.1996), cert. denied, 117 S.Ct. 1017 (1997).
 
 
 15
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Reynolds also alleges that the prosecutor failed to provide sufficient evidence of Count V. However, the California Court of Appeals overturned this conviction on appeal
 
 
 [2]
 To the extent that Reynolds argues in his reply brief that the prosecutor misstated the law regarding force, we decline to address this issue. See United States v. Birtle, 792 F.2d 846, 848 (9th Cir.1986) (stating that we generally will not address arguments raised for the first time in appellant's reply brief)