125 F.3d 860
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard VALDEZ, Jr., Defendant.
and
Kay TANNER, Defendant-Appellant.
 No. 96-36185.
 United States Court of Appeals, Ninth Circuit.
 Submitted September 22, 1997**
Decided Sept. 24, 1997.
 
 Appeal from the United States District Court for the District of Alaska, Nos. CV-93-0004-HRH, CR-93-0004-05; H. Russel Holland, District Judge, Presiding.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Kay Tanner, a federal prisoner, appeals pro se the district court's denial of her 28 U.S.C. § 2255 motion to vacate her jury conviction and 120-month sentence for conspiracy to possess cocaine with the intent to distribute, in violation of 21 U.S.C. § 846. We review de novo a district court's denial of a section 2255 motion. See Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995). We have jurisdiction pursuant to 28 U.S.C. § 2255, and we affirm.[1]
 
 
 3
 Tanner contends the district court erred by denying her section 2255 motion on the grounds that her trial counsel was ineffective. We disagree.
 
 
 4
 We review de novo a district court's determination that trial counsel rendered effective assistance. See United States v. Span, 75 F.3d 1383, 1387 (9th Cir.1996). To prevail on a claim of ineffective assistance, a defendant must show both that her counsel's performance was deficient and that this prejudiced her case. See Strickland v. Washington, 466 U.S. 668, 688 (1984). If it is possible to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, we may do so without examining the performance prong. See id. at 697.
 
 
 5
 Tanner contends her counsel was ineffective for failing to lay a proper foundation for introducing a letter found in her home signed "J." In the letter, the author asks for $300 to help him flee and states that if he is apprehended he will implicate Tanner as he knows that there are drugs hidden in several places in her home as part of her "business." The district court concluded that while the letter shows Tanner may have been threatened to assist fugitive John Randall in his flight, it does not support the conclusion that she is innocent of the many drug transactions introduced as evidence at trial. We agree with the district court that. Tanner has failed to show counsel was ineffective for not introducing this letter into evidence. See Strickland, 466 U.S. at 697.
 
 
 6
 Tanner contends that trial counsel was ineffective for failing to call her to the stand in order to rebut a prosecution witness's comment that Kay spoke fluent Spanish. At the evidentiary hearing on the section 2255 motion, Tanner's trial counsel testified that during trial Tanner became fearful and decided to not take the stand. Tanner herself testified that her attorney promised to put her on the stand, but the trial ended without him having done so. Because Tanner did not assert her right to testify in court, her claim fails. See United States v. Nohara, 3 F.3d 1239, 1244 (9th Cir.1.993) ("When a defendant is silent in the face of his attorney's decision not to call him as a witness, he has waived his right to testify"). Moreover, Tanner has failed to show that her inability to speak Spanish would negate her involvement in the conspiracy. See Strickland, 466 U.S. at 697.[2]
 
 
 7
 Tanner contends her trial counsel was ineffective for failing to discuss the presentence report with her and for failing to make objections to the findings contained in the presentence report. The contention lacks merit.
 
 
 8
 Tanner was sentenced to the mandatory minimum sentence of ten years because her offense involved more than five kilograms of cocaine. See 21 U.S.C. § 841(b)(1)(A)(ii). On appeal this court concluded there was sufficient evidence to support Tanner's sentence on at least the eight kilograms stored in her refrigerator in December of 1992. See United States v. Valdez, Nos. 93-30404, 93-30413, and 93-30436, unpublished memorandum disposition (9th Cir. Feb. 24, 1995). Besides her attempts to once again challenge the sufficiency of the trial evidence, Tanner has not made any allegations regarding her sentence that, if accepted, would result in a sentence below the statutory minimum. Accordingly, she has failed to show that she was prejudiced by her attorney's conduct surrounding her sentencing. See Strickland, 466 U.S. at 697.[3] To the extent she contends her attorney in her section 2255 motion was ineffective for failing to file objections to the magistrate judge's report and recommendations, she has also failed to show any resulting prejudice. See id.
 
 
 9
 The district court's order denying Tanner relief on her section 2255 motion, is therefore
 
 AFFIRMED.[4]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 To the extent Tanner claims her civil rights are being violated because she has no access to a law library or trained legal assistance, her claim is not cognizable in this habeas petition. See 28 U.S.C. § 2255
 
 
 [2]
 To the extent Tanner is attempting to renew the contention that her attorney was ineffective for failing to raise the Battered Women's Syndrome Defense at trial, the contention lacks merit. We agree with the district court that trial counsel was reasonable in concluding that such a defense would undercut Tanner's claim that she lacked any knowledge of the drug transactions. See Strickland, 466 U.S. at 689 ("the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy")
 
 
 [3]
 On appeal, Tanner also contends her attorney was ineffective for failing to object to the trial going forward because Tanner's drug tests had been lost. She also contends that the court erred by not excluding testimony regarding Tanner's cocaine use without the government producing the drug test results. To the extent that Tanner's bare mention of the drug tests in her pro se section 2255 motion sufficiently raised these issues, we note that any drug tests taken while she was in custody would not necessarily render false testimony that she was someone who used cocaine and was involved in cocaine transactions
 
 
 [4]
 Any deficiency regarding Tanner's reply brief is waived and the brief is ordered filed. However, any claims raised in the reply brief that are not raised in Tanner's opening brief are deemed abandoned. See United States v. Birtle, 792 F.2d 846, 848 (9th Cir.1986)