129 F.3d 128
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael I. BLUMENTHAL, Defendant-Appellant.
 No. 96-17085.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1997.**
Decided Nov. 6, 1997.
 
 Appeal from the United States District Court for the Northern District of California, Nos. CV-95-03507-DLJ, CR-88-00559-DLJ; D. Lowell Jensen, District Judge, Presiding.
 Before HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Michael I. Blumenthal, a former federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging his conviction for making false statements in connection with a construction loan in violation of 18 U.S.C. § 1014.[1] We review de novo a district court's denial of a 28 U.S.C. § 2255 motion. See Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995). We have jurisdiction pursuant to 28 U.S.C. § 2255, and we affirm.
 
 
 3
 Blumenthal contends that his counsel was ineffective for failing to investigate and call Del Rapini as a witness.[2] This contention lacks merit.
 
 
 4
 In order to prevail on a claim of ineffective assistance of counsel, a defendant must show both that his counsel's performance was deficient and that this prejudiced his case. See Strickland v. Washington, 466 U.S. 668, 687 (1984). If it is possible "to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice," we may do so without examining the performance prong. Id. at 697. To make a sufficient showing of prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.
 
 
 5
 Here, Blumenthal's conviction was based on his submission of inflated construction progress reports to World Savings and Loan ("World") in connection with a construction loan for a real estate development. Blumenthal's attorneys did not call to the stand Del Rapini, the former owner of the property to be developed with the construction loan Blumenthal received from World. Blumenthal argues that Rapini would have impeached the credibility of the government witness who negotiated the loan agreement, Ted Richmond of World. At trial, Richmond testified that he had no agreement with Rapini about a deed of trust on the property held by Rapini.
 
 
 6
 Blumenthal cannot show how his counsel's failure to call Rapini prejudiced him. See id. at 687. Blumenthal's conviction was based on submitting inflated construction progress reports to World and was not based on the deed of trust to which Rapini might have testified. Blumenthal suggests that impeachment of Richmond on the deed of trust matter may have buttressed Blumenthal's claim that Richmond knew of the inflated construction progress reports thus showing that the false statements were not material. Even if this were so, Rapini's testimony would have been irrelevant because the government was not required to prove that the false statements were material. See United States v. Wells, 117 S.Ct. 921, 926-27 (1997) (holding that materiality of false statements is not an element of 18 U.S.C. § 1014); United States v. Nash, 115 F.3d 1431, 1435 (9th Cir.1997). Thus, Blumenthal was not prejudiced by his attorneys' failure to call Rapini. See Strickland, 466 U.S. at 694. For the same reasons, Blumenthal cannot establish prejudice based on a failure to adequately investigate Rapini. See id.
 
 
 7
 Blumenthal also contends that the district court erred by failing to hold an evidentiary hearing. Because Blumenthal has not shown that he is entitled to relief on any of his claims, there was no need for an evidentiary hearing. See Shah v. United States, 878 F.2d 1156, 1158 (9th Cir.1989).
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 3-4. Accordingly, appellant's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Blumenthal filed a pro se petition in the district court but thereafter was represented by counsel in the district court
 
 
 [2]
 Blumenthal raises for the first time in his reply brief the contention that his counsel was also ineffective for failing to investigate and call to the stand Del Rapini's attorney and the contention that the loan was structured as a line of credit and not as a construction loan. Because Blumenthal did not raise these issues in his opening brief, we do not consider them. See United States v. Birtle, 792 F.2d 846, 848 (9th Cir.1986)