141 F.3d 1182
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Leonard Lee SCOTT, Defendant-Appellant.
 No. 96-30233.
D.C. No. CR-96-02025-AAM.
 United States Court of Appeals, Ninth Circuit.
 Submitted Mar. 10, 1998
**
Decided Mar. 13, 1998.
 
 Appeal from the United States District Court for the Eastern District of Washington Alan A. McDonald, District Judge, Presiding.
 Before FLETCHER, BEEZER and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Leonard Lee Scott appeals his fifteen-month sentence imposed following his guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). We review factual findings underlying the sentence for clear error. See United States v. Gavilan, 996 F.2d 530, 531 (9th Cir.1992). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Scott contends that the district court erred by denying him a downward adjustment in his base offense level pursuant to U.S.S.G. § 2K2.1(b)(2) because he possessed the firearm for a lawful sporting purpose of hunting. This contention lacks merit because Scott failed to meet his burden of establishing by a preponderance of the evidence that he possessed the firearm solely for a lawful purpose. See U.S.S.G. § 2K2.1(b)(2) (1995); Gavilan, 996 F.2d at 531. Accordingly, the district court did not clearly err by denying the adjustment. See Gavilan, 996 F.2d at 531.[1]
 
 
 4
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We decline to address Scott's contention that the government breached the plea agreement because it was raised for the first time in his reply brief. See United States v. Birtle, 792 F.2d 846, 848 (9th Cir.1986)