**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-35526 |
| Plaintiff-Appellee, | D.C. Nos. 3:15-cv-00006-SLG |
| v. | 3:14-cr-00003-SLG-1 |
| ANDREA L. VICKERS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

Submitted June 5, 2020[**]
Anchorage, Alaska

Before: CHRISTEN, WATFORD, and BADE, Circuit Judges.

Andrea L. Vickers appeals the district court's denial of his 28 U.S.C. § 2255

motion to vacate his conviction and sentence for carjacking in violation of 18

U.S.C. § 2119(1). Vickers contends that trial counsel was ineffective for advising

him to plead guilty to carjacking when counsel had not reviewed text messages

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

extracted from the victim's cellphone that the government produced and had not adequately investigated other evidence including cell tower records, Vickers' cellphone, a visitor log from the halfway house from which Vickers had escaped, and video surveillance footage from several businesses. After conducting an evidentiary hearing, the district court denied relief. A claim of ineffective assistance of counsel presents a mixed question of law and fact, which we review de novo. *United States v. Birtle*, 792 F.2d 846, 847 (9th Cir. 1986). We also review de novo the denial of a § 2255 motion. *United States v. Swisher*, 811 F.3d 299, 306 (9th Cir. 2016) (en banc). We affirm.

"[A] defendant who pleads guilty upon the advice of counsel 'may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel,'" *Hill v. Lockhart*, 474 U.S. 52, 56–57 (1985) (quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)), constituted ineffective assistance—that is, the advice constituted deficient performance and prejudiced the defense, *see id.* at 58–59. As part of the plea agreement, Vickers retained his right to allege "ineffective assistance of counsel" based on information not known or reasonably known to him at the time of sentencing, and to challenge the voluntariness of his plea.

To succeed on a claim that a guilty plea is involuntary based upon ineffective assistance of counsel, the defendant must show that there is a

2

"reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59. When "the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error 'prejudiced' the defendant . . . will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea." *Id.* This determination depends in large part on the likelihood the evidence would have changed the outcome at trial. *Id.*

Vickers was charged with carjacking in violation of 18 U.S.C. § 2119(1). A person may be convicted of carjacking when the government proves that: the defendant took a motor vehicle "from the person or presence of another"; the motor vehicle had "been transported, shipped, or received in interstate or foreign commerce"; the defendant used "force and violence" or "intimidation" to "take[] [the] motor vehicle"; and the defendant acted "with the intent to cause death or serious bodily harm." 18 U.S.C. § 2119.

The main evidence against Vickers was the victim's description of the carjacking incident, including her grand jury testimony that Vickers, who possessed a gun, a package of toilet paper, and a can of gasoline, forced the victim and her young child into her car and then drove them to various places in Anchorage, and at one point, threatened to burn them. The police found a

can containing gasoline in the car after the carjacking. Even if Vickers' attorney's representation fell below an objective standard of reasonableness applicable to the review or investigation of evidence, Vickers fails to demonstrate that counsel's deficient performance caused resulting prejudice. *See Lafler v. Cooper*, 566 U.S. 156, 163 (2012) ("In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice.").

Vickers argues that had counsel reviewed, investigated, and obtained certain evidence Vickers would not have pleaded guilty to carjacking. But none of the evidence Vickers points to undermines the factual basis of the plea agreement or refutes the elements of carjacking and thus does not create a "likelihood that discovery [and review] of the evidence would have led counsel to change his recommendation as to the plea." *Hill*, 474 U.S. at 59; *see* 18 U.S.C. § 2119. Additionally, Vickers' claims of ineffective assistance of counsel rely heavily on inconsistencies between the victim's grand jury testimony and the other evidence. But, during the relevant times, trial counsel would not have had access to the grand jury transcript.[1] *See* 18 U.S.C.

---

[1] In the district court, Vickers argued that trial counsel was ineffective for failing to try to obtain the victim's grand jury testimony. The district court rejected that claim finding no prejudice because even if counsel had requested the transcript, the district court would not have required its production unless the victim testified at trial. Vickers does not raise that issue in this appeal.

§ 3500(a)–(b), (e)(3) (requiring the government to produce "any statement," including testimony provided before the grand jury, only after the witness has testified on direct examination at trial); *see also Strickland v. Washington*, 466 U.S. 668, 689 (1984) (the court "evaluate[s] the conduct from counsel's perspective at the time"). Thus, trial counsel could not have advised Vickers based on that testimony, and Vickers could not have considered that testimony in weighing his decision to plead guilty. *See Hill*, 474 U.S. at 59.

Vickers also argues that without evidence to support the victim's post-plea recantation—the evidence he alleges counsel failed to investigate—he did not believe moving to withdraw his guilty plea was a viable option. But the victim's recantation was general and the only specific statement she recanted was that Vickers had a gun. None of the evidence that Vickers argues his counsel should have reviewed or investigated plausibly corroborated the victim's recantation related to whether Vickers possessed a gun. Additionally, counsel negotiated a factual basis for the plea agreement that did not include any reference to Vickers' possessing a gun. Moreover, under the plea agreement Vickers avoided charges related to firearms and witness tampering. Accordingly, because Vickers fails to show that the cellphone data, cell tower information, visitor log, or the surveillance footage would have led counsel to change his recommendation as to his plea, no prejudice resulted from counsel's actions. *See id.*

**AFFIRMED.**