Tommy Lonnell **RAMSEY, Jr.,** Petitioner–Appellant,

v.

Susan **YEARWOOD, Respondent,**

and

David L. **Runnels,** Respondent– Appellee.

No. 05–16657.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 16, 2007.

Filed May 3, 2007.

Tommy Lonnell Ramsey, Jr., Corcoran, CA, pro se.

William Weiner, Esq., San Francisco, CA, for Petitioner–Appellant.

Ane R. Gillette, Esq., AGCA–Office of the California Attorney General, Oakland, CA, for Respondent–Appellee.

Before: GOODWIN, D.W. NELSON, and CALLAHAN, Circuit Judges.

---

## MEMORANDUM *

Tommy Lonnel Ramsey ("Ramsey") appeals from the district court's judgment denying his petition for habeas corpus. Ramsey argues in his petition that his conviction should be reversed because he received ineffective assistance of counsel at both the trial and appellate levels, the prosecutor engaged in misconduct, and he was wrongfully denied an evidentiary hearing. We affirm.

### I. Standard of Review

For a writ to issue under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), we must find that the state court's decision was either: (1) contrary to or an objectively unreasonable application of "clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d); *see also Barajas v. Wise,* 481 F.3d 734, 738 (9th Cir.2007) (quoting 28 U.S.C. § 2254(d)). Thus, under AEDPA, we employ a "highly deferential standard for evaluating state-court rulings." *Lindh v. Murphy,* 521 U.S. 320, 333 n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

The Supreme Court explained in *Ylst v. Nunnemaker,* 501 U.S. 797, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991), that for purposes of reviewing a federal habeas petition, "[w]here there has been one reasoned state judgment rejecting a federal claim, [and] later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground," we must "simply 'look[ ] through' them to the last reasoned decision." 501 U.S. at 803–04, 111 S.Ct. 2590. Because the California Supreme Court denied Ramsey's petition without comment or citation, and the Cali-

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

fornia Court of Appeal denied his petition on procedural grounds, the California Superior Court's finding that Ramsey's habeas petition failed "to state [a] prima facie claim" is the last reasoned decision on the merits. Therefore, under AEDPA, we are required to defer to the Superior Court's determination.

Where, as here, we have "no basis other than the record for knowing whether the state court correctly identified the governing legal principle or was extending the principle into a new context," we must perform an "independent review of the record" to ascertain whether the state court decision was objectively unreasonable. *Delgado v. Lewis,* 223 F.3d 976, 981–82 (9th Cir.2000). An independent review of the record "is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." *Himes v. Thompson,* 336 F.3d 848, 853 (9th Cir. 2003).

## II. Ineffective Assistance of Counsel

■ Ramsey's ineffective assistance of counsel argument regarding suppression of the first rifle fails. On direct appeal, the California Court of Appeal expressly found that Pitts's consent to search the residence was not tainted by the initial illegal search. Therefore, Ramsey cannot demonstrate prejudice because he cannot show that suppression was warranted, nor can he show that his counsel's conduct fell below the *Strickland* standard of reasonable professional judgment. *Ortiz–Sandoval v. Clarke,* 323 F.3d 1165, 1170 (9th Cir.2003) (citing *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

■ Ramsey also failed to show how the admission of the second rifle caused prejudice so significant "as to deprive [him] of a fair trial, a trial whose result is reliable."

*Strickland,* 466 U.S. at 687, 104 S.Ct. 2052. It is clear that the primary evidence against Ramsey was the first rifle, jacket, hat, and gloves seized from Pitts's residence. Indeed, Ramsey stated in his brief that "the prosecutor said it all when he said, in closing argument, that the single best evidence against Petitioner was the rifle in his bedroom." The ballistics expert testified that both rifles were used in the shootings, and Ramsey has not challenged the sufficiency of that evidence. The admission of the second rifle, therefore, and Ramsey's statements to the officers regarding its location, added little to what the jury already had before it.

■ Ramsey's claim regarding his appellate counsel is also without merit. As explained heretofore, the California Superior Court reasonably applied *Strickland* in finding that Ramsey could not show an ineffectiveness claim as to his trial counsel. Accordingly, Ramsey's appellate counsel was not ineffective in deciding against bringing an ineffective assistance of counsel claim on appeal because it would not have been successful. *Ortiz–Sandoval,* 323 F.3d at 1170 ("When [a] Sixth Amendment ineffective assistance of counsel claim is rooted in defense counsel's failure to litigate a Fourth Amendment issue, as it is here, petitioner must show that (1) the overlooked motion to suppress would have been meritorious and (2) there is a reasonable probability that the jury would have reached a different verdict absent the introduction of the unlawful evidence."). Thus, the Superior Court reasonably applied *Strickland* in concluding that Ramsey's appellate counsel was not ineffective.

## III. Prosecutorial Misconduct

■ The prosecutor's failure to inform the trial court of the alleged confusion regarding Ramsey's custodial status at the time the second rifle was seized did not amount to fundamental unfairness.

*Darden v. Wainwright,* 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986) (holding that to reverse a conviction because of prosecutorial misconduct, the misconduct must have "so infected the trial with unfairness as to make the resulting conviction a denial of due process"). For reasons explained in Section II, *supra,* Ramsey was not deprived of due process because even if the second rifle had been suppressed, there was more than sufficient evidence to convict him.

## IV.  Evidentiary Hearing

■  Based on an independent review of the record, we can conclude that even if Ramsey's factual allegations were proven, he would still not establish a right to relief because he can show no prejudice. Thus, there is no need to conduct an evidentiary hearing because the record is already sufficient. *United States v. Birtle,* 792 F.2d 846, 849 (9th Cir.1986) (stating that an evidentiary hearing is not necessary if " 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief' " (quoting 28 U.S.C. § 2255)). Moreover, "absent a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," 28 U.S.C. § 2254(e)(2)(A)(i), a request for an evidentiary hearing must comply with 28 U.S.C. § 2254(e)(2)(A)(ii), which requires a prisoner to be diligent in his efforts to search for evidence and pursue his claims in state court. *Williams v. Taylor,* 529 U.S. 420, 435, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000). Given the two-and-a-half-year delay before Ramsey filed his habeas petition, we cannot conclude that Ramsey complied with this requirement.

**AFFIRMED.**