NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 20 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-16264 |
| Plaintiff-Appellee, | D.C. No. 4:17-cr-00025-JD-1 |
| v. | |
| RUSSELL MCCLOUD, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Submitted April 18, 2023**
San Francisco, California

Before: CALLAHAN and BUMATAY, Circuit Judges, and BOLTON,*** District
Judge.

Russell McCloud seeks review of the district court's denial of his petition to

vacate his sentence under 28 U.S.C. § 2255. We review the district court's legal

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Susan R. Bolton, United States District Judge for the
District of Arizona, sitting by designation.

conclusions de novo and factual findings for clear error. *United States v. Zuno-Arce*, 339 F.3d 886, 888 (9th Cir. 2003). We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

1. McCloud first claims that government misconduct rendered his guilty plea involuntary and unknowing. To enter a plea voluntarily and knowingly, "[a] defendant must have notice of the nature of the charges against him" and "must understand the consequences of his plea." *Tanner v. McDaniel*, 493 F.3d 1135, 1147 (9th Cir. 2007) (simplified). McCloud does not deny that he had notice of the charges against him or that he was aware of the general consequences of entering a guilty plea. Rather, he claims his plea agreement was not knowing and voluntary because prosecutors failed to disclose impeachment material and misrepresented facts at the suppression hearing.

McCloud's arguments lack support in law and in the record. First, prosecutors do not have a duty to disclose impeachment evidence to a defendant before he enters a guilty plea. *See United States v. Ruiz*, 536 U.S. 622, 629 (2002) (holding that the Constitution does not require "preguilty plea disclosure of impeachment information"). McCloud argues that *Ruiz* was a "fast track" case and does not apply in other cases. We disagree. The Supreme Court did not limit its constitutional ruling in *Ruiz* to only "fast track" cases.

And the failure to disclose the impeachment material here did not make

2

McCloud's guilty plea unknowing or involuntary. As the Supreme Court said, "the law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances—even though the defendant may not know the *specific detailed* consequences of invoking it." *Id.* (emphasis in original). Here, McCloud was aware that the police reports may have contained potential impeachment material. During the suppression hearing, police officers testified that they were investigating a robbery at the time that they stopped McCloud and subsequently discovered a firearm in his car. McCloud's initial attorney suspected they were not investigating the robbery at the time and informed McCloud that he would seek the police reports for impeachment purposes. McCloud then chose to plead guilty without receiving the reports. So the lack of disclosure here did not render McCloud's plea involuntary or unknowing.

Second, the prosecutor's inaccurate statements about the robbery investigation at the suppression hearing did not induce McCloud to plead guilty. Even if the officers lacked reasonable suspicion to stop McCloud based on their investigation, they had other justifications for the traffic stop and subsequent search of McCloud's car. The officers were justified in stopping McCloud either after observing him make an illegal U-turn or after discovering that his vehicle registration was expired. *See United States v. Willis*, 431 F.3d 709, 714 (9th Cir.

3

2005). They were also justified in further investigating when they noticed a marijuana cigarette in McCloud's center console. And the officers had a reasonable, good-faith belief that McCloud was on probation and subject to a search. *See Samson v. California*, 547 U.S. 843, 846 (2006); *see also Herring v. United States*, 555 U.S. 135, 144 (2009) (stating police conduct must be deliberate to trigger exclusionary rule). McCloud's argument that the officers unconstitutionally prolonged the stop by looking up his probation status lacks merit. Officers may conduct "ordinary inquiries" at a traffic stop, such as "checking the driver's license, determining whether there are outstanding warrants against the driver, and inspecting the automobile's registration and proof of insurance." *Rodriguez v. United States*, 575 U.S. 348, 355 (2015). So the officers here were constitutionally allowed to run a records check on McCloud. In view of the other grounds for the stop and the search, McCloud has not shown how the prosecutor's misrepresentations or omissions regarding the robbery induced his guilty plea.

Finally, to the extent McCloud challenges his sentence on due process grounds, those claims are waived by his plea agreement. *See United States v. Bibler*, 495 F.3d 621, 623–24 (9th Cir. 2007).

2. McCloud asserts that his initial attorney was ineffective. To vacate his conviction because of ineffective assistance of counsel, McCloud must prove (1) "that [his] counsel's performance was deficient" and (2) "that the deficient

4

performance prejudiced [him]." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). He fails on both fronts.

McCloud argues that his first lawyer's performance was deficient because he did not file a reply in support of his motion to suppress and because he did not respond to the prosecutor's false statements at the suppression hearing. But filing a reply is optional and is thus "not so essential to the fundamental fairness of the appellate process" that an attorney's failure to do so can be considered deficient. *United States v. Birtle*, 792 F.2d 846, 848 (9th Cir. 1986). Similarly, lawyers need not seize every opportunity to raise arguments at a hearing. Indeed, "judicious selection of arguments . . . is a core exercise of defense counsel's discretion," and is deserving of a strong presumption that such selection results from strategy and not neglect. *Yarborough v. Gentry*, 540 U.S. 1, 8 (2003).

McCloud's counsel also did not provide deficient assistance by not moving to compel disclosure of the police reports. Because other reasons justified the stop and the search, his counsel reasonably assessed that moving to compel disclosure would not do much, if anything, to suppress the evidence. Moreover, moving to compel discovery would have jeopardized McCloud's plea agreement. And McCloud's later attorneys reached the same conclusion regarding the suppression motion, further undermining McCloud's argument that his counsel's actions fell below objectively reasonable legal standards.

Furthermore, McCloud failed to show that if his counsel had provided better legal assistance, he "would either have gone to trial or received a better plea bargain." *United States v. Rodriguez-Vega*, 797 F.3d 781, 788 (9th Cir. 2015) (simplified). The other justifications for the stop and search show that the suppression hearing would have led to the same result and thus there was no reasonable probability that he would not have pleaded guilty. And McCloud's self-serving declaration is not enough in itself to show prejudice. *See Lee v. United States* 137 S. Ct. 1958, 1967 (2017) ("Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies.").

**AFFIRMED.**